DECISION AND JOURNAL ENTRY
{¶ 1} Defendants-Appellants, Robert and Mary Smeltzer, appeal the judgment of the Summit County Court of Common Pleas that granted summary judgment to Plaintiff-Appellee, Allstate Insurance Company. We reverse.
 {¶ 2} Mary Smeltzer was seriously injured on February 20, 2002, when the car driven by her husband Robert, in which she was a passenger, was involved in a three-car accident. A jury found that all three drivers were equally liable for Mrs. Smeltzer's injuries and awarded damages against them jointly and severally. Appellee Cargo Transporters, Inc. satisfied the judgment and sought contribution from Mr. Smeltzer. On June 8, 2007, Allstate filed a complaint for declaratory judgment, alleging that because Mrs. Smeltzer was a family member of Mr. Smeltzer and they were related by marriage, Allstate had no duty to provide coverage or a defense to Mr. Smeltzer in the contribution action. Allstate moved for summary judgment, arguing that the family/household member exclusion in its policy of insurance with Mr. Smeltzer *Page 2 
applied. In response, the Smeltzers argued that summary judgment should not be granted, but did so with reference to uninsured/underinsured motorist's coverage. Allstate addressed this argument — which was first raised by the Smeltzers — in its reply brief.
 {¶ 3} On May 8, 2008, the trial court granted summary judgment to Allstate, concluding, in part:
 "The question before this Court *** is not whether or not UM/UIM coverage is available for Mrs. Smeltzer, but rather, whether or not Plaintiff Allstate Insurance Company has a duty to defend Mr. Smeltzer. *** The key exclusion in the present case is not the `household exclusion' regarding the definition of an uninsured motor vehicle, but rather an exclusion from liability coverage for injuries sustained by a family member who resides in the insured driver's household."
The Smeltzers timely appealed.
 ASSIGNMENT OF ERROR I "THE TRIAL JUDGE ERRED, AS A MATTER OF LAW, IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE, ALLSTATE INSURANCE COMPANY."
 {¶ 4} The Smeltzers' first assignment of error argues that the trial court erred by granting summary judgment to Allstate without considering UM/UIM coverage under the coverage agreement. This Court agrees that summary judgment was not properly granted to Allstate, but for a different reason.
 {¶ 5} In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829. In applying this standard, evidence is construed in favor of the nonmoving party, and summary judgment is appropriate if reasonable minds could only conclude that judgment should be *Page 3 
entered in favor of the movant. Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, 686-87. Before the trial court may consider whether the moving party is entitled to judgment as a matter of law, however, it must determine whether there are genuine issues of material fact for trial. Byrd v. Smith, 110 Ohio St.3d 24, 2006-Ohio-3455, at ¶ 12.
 {¶ 6} The moving party "`bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.'" Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, quotingDresher v. Burt (1996), 75 Ohio St.3d 280, 293. The nonmoving party then has a reciprocal burden to set forth specific facts, by affidavit or as otherwise provided by Civ. R. 56(E), which demonstrate that there is a genuine issue for trial. Byrd at ¶ 10.
 {¶ 7} Allstate's motion for summary judgment noted that Mr. Smeltzer had demanded a defense in the contribution action and argued that under the terms of a household/family liability exclusion, it did not have a duty to defend or to provide coverage. The motion for summary judgment emphasized that Allstate's exclusion argument related to the liability provisions of the policy rather than the UM/UIM provisions. Specifically, Allstate maintained that "the defense of a suit in contribution for which the underlying claim is unequivocally excluded cannot be either potentially or arguably within the limits of policy coverage." Allstate supported its motion for summary judgment not with a copy of its full policy of insurance issued to the Smeltzers, but with an unauthenticated copy of a policy renewal endorsement with an effective date of November 1, 2001. That policy endorsement did not contain the exclusion upon which, it appears, Allstate relied. Instead, it set forth the Smeltzers' UM/UIM coverage in detail. *Page 4 
 {¶ 8} Allstate's failure to support its motion for summary judgment with evidence demonstrating the terms of the policy exclusion at issue appears to have created considerable confusion in the proceedings below. In response to the motion for summary judgment, Mr. Smeltzer argued that the family/household member exclusion upon which Allstate relied was unlawful, but did so with reference to R.C. 3937.18, which governs UM/UIM coverage. As a result, the parties continued to dispute the nature of Allstate's claim. It was not until six months after Allstate moved for summary judgment that Allstate appears to have become aware of its oversight and filed a "Motion for Leave to File a Response to Defendants' Sur-reply Instanter." Attached to this document are pages seven and eight of an unidentified, undated, and unauthenticated insurance policy.
 {¶ 9} It was Allstate's burden as the party moving for summary judgment to demonstrate, with reference to evidentiary materials contemplated by Civ. R. 56(E), that there were no genuine issues of material fact. See Byrd, 2006-Ohio-3455, at ¶ 10. The existence, terms, and scope of the exclusion at issue in this case is at the heart of the parties' coverage dispute and is unquestionably material to Allstate's claim, as evidenced by the confusion that resulted from Allstate's motion for summary judgment. Because Allstate failed to meet its burden under Civ. R. 56, this Court agrees that summary judgment was improperly granted. The Smeltzers' first assignment of error is sustained.
 ASSIGNMENT OF ERROR II "THE TRIAL JUDGE ERRED, AS A MATTER OF LAW, BY REFUSING TO ENTER A DECLARATORY JUDGMENT ESTABLISHING THAT UNINSURED/UNDERINSURED MOTORIST COVERAGE IS DUE UNDER THE POLICY ISSUED BY PLAINTIFF-APPELLEE, ALLSTATE INSURANCE COMPANY." *Page 5 
 {¶ 10} The Smeltzers' second assignment of error is rendered moot by this Court's disposition of the first assignment of error, and we decline to address it. See App. R. 12(A).
 {¶ 11} The Smeltzers' first assignment of error is sustained. This Court declines to address their second assignment of error. The judgment of the trial court is reversed, and this matter is remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
 CARR, P. J., WHITMORE, J. CONCUR. *Page 1