OPINION *Page 2 
{¶ 1} This is an appeal by Defendant-Appellant David R. Applegate of the July 1, 2008, Judgment Entry of the Delaware County Municipal Court affirming the March 20, 2008, decision of the Magistrate finding in favor of Plaintiff-Appellee Kim R. Knoppe on his claims.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The relevant facts are as follows:
 {¶ 3} This action commenced on November 2, 2006, with Plaintiff Kim R. Knoppe filing a forcible entry and detainer complaint against Defendant David R. Applegate in the Delaware County Municipal Court.
 {¶ 4} On November 15, 2006, one day prior to the first hearing on the eviction claim, Defendant, through counsel, filed an answer and jury demand with a motion to dismiss alleging the land at issue to be owned by a nonparty corporation. Defendant included a statement that he would file a counterclaim later, but no counterclaim is found in the file.
 {¶ 5} At the eviction hearing on November 16, 2006, Defendant appeared and the parties entered an agreement granting Plaintiff a writ of restitution but allowing Defendant until December 21 to vacate the premises.
 {¶ 6} On December 1, 2006, Attorney Ryerson entered an appearance as new counsel for Defendant and filed objections to the decision of the magistrate adopting the agreement of the parties for issuance of a writ of restitution. Defendant maintained that he was not a mere tenant, and that he had entered an unrecorded land installment contract with Plaintiff to purchase the property. Defendant claimed that the contract *Page 3 
failed to satisfy the statutory requirements and Plaintiff should be denied a writ of restitution. Defendant attached to the motion a copy of what he alleged to be a land installment contract allegedly signed by both parties. Eventually, Defendant withdrew his jury demand.
 {¶ 7} Plaintiff filed a written response to Defendant's objections claiming the purported land contract to be a forgery. Plaintiff attached copies of the parties' lease agreement.
 {¶ 8} By entry filed January 16, 2007, and on review of the allegations regarding the land installment contract which neither party raised at the time of the eviction hearing, the court remanded the matter back to the magistrate for additional consideration. The court set the matter for further hearing before the magistrate on January 25, 2007.
 {¶ 9} Within minutes of the commencement of the hearing, Defendant's counsel filed a motion for continuance because he did not receive the hearing notice and because Defendant could not appear due to health reasons. The magistrate rescheduled the matter to March 1, 2007.
 {¶ 10} On February 2, 2007, Defendant filed a pretrial statement identifying fact issues in the case to include whether Defendant occupied the premises under a lease agreement or the purported land installment contract. Plaintiff filed a pretrial statement reiterating his claim that Defendant had forged Plaintiffs signature on the purported land installment contract.
 {¶ 11} The eviction hearing was rescheduled to March 15, 2007. *Page 4 
 {¶ 12} On March 15, 2007, the parties appeared for hearing on Plaintiff's eviction claims. Defendant acknowledged that he had already vacated the premises rendering the eviction issue moot and waived his jury demand on remaining issues in the case. The court scheduled the matter for pretrial review of all remaining issues in the case for June 15, 2007.
 {¶ 13} On May 30, 2007, Plaintiff filed an amended complaint seeking damages including unpaid rent, utilities, and excess wear and tear and including a detailed statement thereof.
 {¶ 14} On June 15, 2007, Plaintiff-Appellee failed to appear for the hearing, and the case was dismissed without prejudice by the Court.
 {¶ 15} On June 25, 2007, Plaintiff filed a motion for reconsideration of the dismissal order citing the death of a family member. The court scheduled a hearing on the motion for August 31, 2007, and directed the parties to be prepared to proceed directly to trial on the same day in the event the court granted Plaintiff relief from the judgment of dismissal.
 {¶ 16} On August 31, 2007, the court granted Plaintiff relief from the dismissal and the parties presented evidence on the merits of the case. On that date, the Magistrate heard evidence and issued his decision on March 20, 2008, granting judgment in the sum of $11,517 for Appellee and against Appellant.
 {¶ 17} Appellant filed a request for findings of fact and conclusions of law and Objections to the Decision of the Magistrate.
 {¶ 18} By Entry dated April 9, 2008, the Magistrate overruled Appellant's request for separate findings of fact and conclusions of law in an entry dated April 9, 2008. *Page 5 
 {¶ 19} The Magistrate further granted leave to file a video transcript of the proceedings, in lieu of a written transcript.
 {¶ 20} On August 1, 2008, the trial court judge issued a Judgment Entry upholding the Magistrate's Decision in its entirety.
 {¶ 21} Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 22} "I. THE DECISION OF THE COURT BELOW AFFIRMING THE DECISION OF THE MAGISTRATE DATED MARCH 20, 2008, WAS IN ERROR."
 I. {¶ 23} In his sole assignment of error Appellant argues that the trial court erred in affirming the Magistrate's decision in this matter. We disagree.
 {¶ 24} Appellant argues that the trial court should not have affirmed the Magistrate's decision for a number of reasons which we will attempt to address fully herein.
 {¶ 25} Initially, Appellant argues that the trial court should not have affirmed the Magistrate's decision because the Magistrate failed to file findings of fact and conclusions of law pursuant to Civ. R. 52, as requested by Appellant.
 {¶ 26} Civ. R. 52 requires a trial court to issue findings when requested in a timely manner. However, "[a]n opinion or memorandum of decision filed in the action prior to judgment . . . containing findings of fact and conclusions of law stated separately" will suffice so long as they provided an adequate basis to decide the case. Id.; also seeStone v. Davis (1981), 66 Ohio St.2d 74, 85, 419 N.E.2d 1094;Mahlerwein v. Mahlerwein, 160 Ohio App.3d 564, 828 N.E.2d 153,2005-Ohio-1835, at ¶ 22. *Page 6 
 {¶ 27} In the case sub judice, the magistrate issued a detailed, thirteen page opinion, which, along with the record, provided a more than adequate basis to review this matter and to decide this appeal.
 {¶ 28} Next, Appellant argues that the magistrate erred in granting Appellee's motion to reconsider and setting aside its previous dismissal of the case. Upon review, we find that the trial court's decision was not error. As was stated by the trial court in its decision, the action was dismissed without prejudice, allowing Appellee the right to re-file the same action in the same court. The trial court also found that Defendant-Appellant failed to show any prejudice resulting from Plaintiff-Appellee's failure to appear at the pretrial and, further, that any such prejudice failed to exceed the prejudice to Plaintiff-Appellee resulting from Defendant-Appellant's failure to appear on January 25th or March 1st. The trial court found that Plaintiff-Appellee had shown good cause why the matter should not be dismissed and that Civ. R. 41(B) provides that dismissal should be ordered only after issuance of notice to allow the party reasonable opportunity to show cause. By setting aside the dismissal, the trial court conserved judicial resources and allowed the case to go forward on its merits.
 {¶ 29} Appellant also claims that it was error to deny his motion to dismiss arguing that Plaintiff-Appellee was not the real party in interest because title to the real property in this matter was held in the name of Besco, LLC.
 {¶ 30} R.C. § 1923.01(C)(2) defines landlord as follows:
 {¶ 31} "Landlord" means the owner, lessor, or sublessor of premises, or the agent or person the landlord authorizes to manage premises or to receive rent from a *Page 7 
tenant under a rental agreement, except, if required by the facts of the action to which the term is applied, "landlord" means a park operator."
 {¶ 32} Initially, we find that as Appellant vacated the premises prior to the hearing in this matter, the "owner" of the real property for purposes of the eviction action is moot. As to the breach of the lease agreement, we find that the parties to the lease agreements as set forth in the introductory paragraph of such agreement are "Kim R. Knoppe, the "landlord", and David R. Applegate, hereafter referred to in this Agreement as "Tenant". The last page of the Lease Agreement contains the signatures of David Applegate and Kim Knoppe. We therefore find that Plaintiff-Appellee was the real party in interest as he was the landlord/party named in the Real Estate Lease Agreement which is the subject of this action.
 {¶ 33} Appellant further argues that the magistrate erred in finding that Appellee's version of the lease was legitimate and Appellant's version was fraudulent.
 {¶ 34} Upon review, we find that the magistrate spent a great deal of time examining the two differing versions of the lease agreement presented to him, and that he went into great detail in supporting his determination that Appellee's version was the true version of the agreement entered into by the parties.
 {¶ 35} Upon comparing the two versions of the lease document, the magistrate found that the version of the lease agreement offered by Appellant contained provisions which were awkward and inconsistent with the remaining provisions therein. (See Magistrate's Decision at 5-9). The magistrate also found that the margins on the document offered by Appellant were not even, unlike the uniform one-inch margins on Appellee's version. Id. At 8. The magistrate also found that the omissions contained in *Page 8 
Appellant's version as compared to Appellee's version are all provisions imposing liability on Appellant in the event of certain occurrences. Id. at 8. More telling, the magistrate found that Appellant cut, pasted and copied that part of the original agreement which contained the hand-written date portion of a paragraph as evidenced by the fact that same was crooked in said document. Id. at 6.
 {¶ 36} Based on the magistrate's review of the lease and his findings concerning the legitimacy of the two differing versions, we do not find that the trial court erred in affirming the magistrate's decision finding Appellee's version to be legitimate and Appellant's version to be altered.
 {¶ 37} Appellant also argues that the magistrate erred in finding that the $5,000.00 paid to Appellee was not a lease security deposit.
 {¶ 38} The magistrate found that the $5,000.00 at issue was paid to Appellee at the time of their initial agreement in November, 2003, as a non-refundable deposit on the purchase agreement should Appellant fail to close on the purchase agreement. The magistrate further found that the lease specifically states that no deposit was paid on the lease.
 {¶ 39} Upon review, we find the magistrate's finding to be consistent with the terms of the lease agreement and the purchase agreement entered into by the parties.
 {¶ 40} Finally, Appellant argues that the magistrate erred in finding that he was liable for the expenses involved in re-letting the property including cleaning expenses, rent, and the cost of advertising and commission expenses.
 {¶ 41} Upon review, we find that the magistrate went through each and every claim for damages, allowing those that were reasonable and recoverable under the *Page 9 
lease agreement and denying those that were specifically provided for in the lease or those that it found to be ordinary wear and tear or general cleaning and maintenance.
 {¶ 42} Upon review, we find the trial court did not err in affirming the decision of the Magistrate.
 {¶ 43} Appellant's sole assignment of error is denied.
 {¶ 44} For the reasons stated in the foregoing opinion, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed.
Wise, J. Gwin, P. J., and Delaney, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1