[Cite as *Adlaka v. Quaranta*, 2010-Ohio-6509.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| KAREN ADLAKA, | ) | |
| | ) | CASE NO. 09 MA 134 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| RONALD QUARANTA, Sr., et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:  Civil Appeal from Common Pleas
Court, Case No. 03 CV 3791.

JUDGMENT:  Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellant:  Attorney James S. Gentile
The Liberty Building
42 N. Phelps Street
Youngstown, OH 44503-1130

For Defendants-Appellees:  Attorney Matthew Giannini
1040 South Commons Place
Suite 200
Youngstown, OH 44514

JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Gene Donofrio

Dated: December 16, 2010

[Cite as *Adlaka v. Quaranta*, 2010-Ohio-6509.]
DeGenaro, J.

{¶1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs and their oral arguments before this court. Plaintiff-Appellant, Karen Adlaka, appeals the decision of the Mahoning County Common Pleas Court that granted summary judgment in favor of Defendants-Appellees, Ronald Quaranta, Sr., Ronald Quaranta, Jr., and Caffé Capri, Inc., on the grounds that Adlaka was not the real party in interest in a commercial eviction action. The central issue to be resolved in this appeal is whether a party to a lease agreement, who is not a record title holder of the property, has standing to bring suit for forcible entry and detainer and for damages for breach of the lease agreement.

{¶2} Upon review, the trial court did not abuse its discretion by granting Appellees leave to file a dispositive motion on the day of trial. The court continued the trial date and gave Adlaka sufficient time to file a brief in opposition to summary judgment. However, the trial court erred by granting Appellees summary judgment on the basis that Adlaka lacked standing. First, the trial court should have granted Adlaka leave to add or substitute parties. Second, Appellees waived the defense of lack of standing. Finally, forcible entry and detainer actions pursuant to R.C. 1923.01, along with claims for damages arising from a breach of the lease agreement, may be brought by one who, like Karen Adlaka, is a party to the lease agreement and listed as the landlord therein. Thus, Adlaka did not lack standing to bring the instant action. Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings.

## Facts and Procedural History

{¶3} In 2003, Adlaka filed a forcible entry and detainer action, in Mahoning County Court No. 2, for possession of her rental property in Boardman, Ohio. Appellees were her tenants who operated a restaurant there known as Caffé Capri.[1] Adlaka alleged Appellees were holding over their rental term after she served them with a thirty-day notice to vacate. She claimed that Appellees had failed to exercise their renewal option pursuant to the lease agreement.

---

[1] The lease was signed by Karen Adlaka as lessor and Ronald L. Quaranta, Sr., and Ronald L. Quaranta, Jr., as lessees on August 30, 1995. The Quarantas assigned the lease to Caffé Capri on May 29, 1997, with the Quarantas serving as guarantors to the lease.

{¶4}  Adlaka filed a motion for summary judgment.  Appellees filed an answer and a counterclaim which exceeded the jurisdictional limits of the County Court and the case was transferred to the Mahoning County Court of Common Pleas.  There, Adlaka amended her complaint to add a claim for damages due to non-payment of rent and for holding over while paying a rental rate less than that which a prospective tenant was willing to pay.  Appellees filed an answer and counterclaim to the amended complaint.

{¶5}  In 2004, the magistrate recommended granting summary judgment in favor of Adlaka on her claim for possession.  Appellees filed timely objections which the trial court overruled, adopting the Magistrate's Decision and entering judgment for Adlaka in forcible entry and detainer and ordering restitution of the premises.  Appellees appealed the restitution judgment to this court on December 6, 2004. (Case No. 04 MA 268), arguing that the court improperly interpreted the lease's termination date for purposes of the timely renewal option.  Adlaka's claim for damages remained pending in the trial court during the appeal, which was proper because a judgment on the right to possession constitutes a final appealable order.  See *Cuyahoga Metro Housing Auth. v. Jackson* (1981), 67 Ohio St.2d 129, 132, 423 N.E.2d 177 (superseded on other grounds by statute as stated in *Miele v. Ribovich*, 90 Ohio St.3d 439, 739 N.E.2d 333, 2000-Ohio-193).

{¶6}  While the appeal was pending, Appellees filed a Civ.R. 60(B) motion with the trial court to vacate the restitution judgment.  Therein, they claimed Adlaka was not the record title owner of the property at any relevant time, and that she therefore lacked standing to bring an action in forcible entry and detainer.  However, Appellees failed to ask this court for a limited remand to pursue the Civ.R. 60(B) motion.  And the trial court never ruled on the motion, presumably because it lacked jurisdiction to do so.

{¶7}  In a decision styled *Adlaka v. Quaranta*, 7th Dist. No. 04 MA 268, 2005-Ohio-5059, this court affirmed the trial court's decision regarding restitution of the property to Adlaka.

{¶8}  Meanwhile, the damages claim lingered in the trial court.  The case came for pretrial in March 2008 and the magistrate ordered all discovery completed by June 2, 2008, and all dispositive motions filed by July 7, 2008.

{¶9} On August 12, 2008, the parties appeared for a jury trial as scheduled. Appellees were granted leave to file a motion for judgment on the pleadings or in the alternative for summary judgment pertaining to the ownership of the subject property.

{¶10} In their motion for summary judgment, Appellees argued that Adlaka was not the record title owner of the property at issue at any time pertinent to the current action. They presented an affidavit from their attorney along with county recorder documents pertaining to the title transfers of the subject leased premises. Specifically attached were: (1) a warranty deed executed and recorded in June 1992 from Wayne Greenwood, grantor, to Karen Adlaka, Trustee of the R.K.A. Trust, grantee; (2) a quit-claim deed recorded on December 9, 2003, from Karen Adlaka, Trustee of the R.K.A. Trust, grantor, to Flamingo Plaza, LLC, grantee; and, (3) a quit-claim deed recorded on February 12, 2005 from Karen Adlaka, Member, Flamingo Plaza, LLC, grantor, to Sat Adlaka, grantee.

{¶11} In her brief in opposition Adlaka argued she is the real party in interest, claiming she had a personal stake in the outcome of the suit and the authority to pursue the litigation on either behalf of herself, as Trustee of the R.K.A. Trust, or as G.P. of Flamingo Plaza, LLC. She also took issue with Appellees' delay in raising the issue. Alternatively, she attempted to create a genuine issue of material fact about the chain of title by attaching an unrecorded quit-claim deed, notarized on April 12, 2001, which purported to transfer the subject leased premises from Karen Adlaka, Trustee of the R.K.A. Trust to Sat and Karen Adlaka. In an attached affidavit, Karen Adlaka claimed that although notarized in 2001, this unrecorded deed was somehow effective in 1992, when she entered into a sales agreement to purchase the premises.

{¶12} That same day, Adlaka also filed a motion to add or substitute parties, pursuant to Civ.R. 21 and Civ.R. 25, respectively. Specifically, she sought to add or substitute Karen Adlaka, Trustee of the R.K.A. Trust; Flamingo Plaza, LLC; and Sat Adlaka (her husband and the current title-holder). Appellees filed a reply to both the brief in opposition to summary judgment and the motion to add or substitute parties on December 12, 2008.

{¶13} The magistrate granted summary judgment against Adlaka due to lack of legal standing. The magistrate found:

{¶14} "[A]t all times relevant, Plaintiff KAREN ADLAKA, individually, was not title owner to the Leasehold Premises. * * * When Plaintiff filed her eviction complaint (in her individual capacity) seeking to evict Defendants from the Leasehold Premises, the real estate was owned by R.K.A. Trust. At the time of the filing of the Amended Complaint, Flamingo Plaza LLC owned the real estate subject to the parties [sic] lease. There is no evidence in the record to establish that the individual Plaintiff, KAREN ADLAKA, had an interest in the real estate which was the subject of the lease agreement entered into by KAREN ADLAKA and Defendants RONALD L. QUARANTA, SR. and RONALD L. QUARANTA, JR. at the time the lease was executed, or at the time the eviction was filed, or at the time the complaint for damages was filed, or at the time of trial. There is no evidence of an assignment of legal rights from R.K.A. Trust or Flamingo Plaza, LLC the respective title owners of the real estate, to the individual, KAREN ADLAKA. In the absence of evidence of an interest or an assignment of an interest in the real estate * * * the individual Plaintiff, KAREN ADLAKA, lacked legal standing to pursue the pending litigation in forcible entry and detainer and/or damages purportedly arising therefrom."

{¶15} Adlaka filed timely Objections to the Magistrate's Decision, and Appellees filed a brief in opposition to the objections. Sat Adlaka, Karen Adlaka's husband (and not a party to the instant suit), then began filing various motions pro-se. The trial court overruled the objections and upheld the Magistrate's Decision that Karen Adlaka lacked legal standing to pursue the instant action.

### Granting Leave to File Dispositive Motion on Day of Trial

{¶16} In her first of three assignments of error Adlaka asserts:

{¶17} "The court erred and abused its discretion in granting leave on the day the jury trial was to commence to Defendants to file a motion for judgment on the pleadings. Alternatively, for summary judgment: affidavit and certification."

{¶18} Civ.R. 56(A) provides that, if, as here, an action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court. The parties

quibble about whether Appellees ever formally requested leave, however this fact is immaterial. A trial court has the discretion to waive the Civ.R. 56(A) requirement to seek leave before filing a motion for summary judgment after a pretrial or trial has been set. *Coney v. Youngstown Metrop. Hous. Auth.*, 7th Dist. No. 00-C.A.-251, 2002-Ohio-4371, at ¶42. The trial court's decision to do so is reviewed for an abuse of discretion. Id. at ¶43.

{¶19} Here, the trial court's decision to grant leave was not unreasonable, arbitrary or unconscionable. The court noted on the record that it had considered the "time frame involved in relationship to trial", and ordered the trial continued. From its August 14, 2008 judgment part of the reason the trial court granted leave was that counsel for Appellees represented he was "unaware of the ownership of the subject property until such time that he commenced preparation for trial this date." Although Adlaka makes a good argument about the disingenuousness of opposing counsel's representation in light of counsel's 2005 motion to vacate which raised the same ownership/standing issue, the trial court reasonably relied on that representation when granting leave. For these reasons, Adlaka's first assignment of error is meritless.

### Denial of Request to Join or Substitute Parties

{¶20} In her second assignment of error, Adlaka asserts:

{¶21} "The court erred by failing to grant or even consider Plaintiff's motion to add or substitute parties."

{¶22} Appellees filed their motion for summary judgment on August 12, 2008. On November 24, 2008, Adlaka filed a brief in opposition to summary judgment and a motion to add or substitute parties. Appellees replied. Without ruling on the motion to add or substitute parties, the magistrate issued a decision granting summary judgment in favor of Appellees. In her Objections to the Magistrate's Decision, Adlaka brought up the fact that the magistrate never addressed her motion to add parties and reminded the court of the general policy that courts should decide cases on their merits and not on procedural technicalities. By overruling the objections and granting summary judgment, the trial court implicitly overruled Adlaka's motion to add or substitute parties.

**{¶23}** Civ.R. 21, which deals with misjoinder and nonjoinder of parties, provides in pertinent part: "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action."

**{¶24}** Substitution of parties is governed by Civ.R. 25. Specifically, Civ.R. 25(C) provides that "[i]n cases of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

**{¶25}** The trial court's decision to add or substitute a party is reviewed for an abuse of discretion. *Darby v. A-Best Products Co.,* 102 Ohio St.3d 410, 2004-Ohio-3720, 811 N.E.2d 1117, at ¶12 (discussing Civ.R. 21); *Ahlrichs v. Tri-Tex Corp.* (1987), 41 Ohio App.3d 207, 534 N.E.2d 1231 (discussing Civ.R. 25(C)). In this case, the trial court abused its discretion by failing to allow Adlaka to add additional parties.

**{¶26}** First, it is a "fundamental tenet of judicial review in Ohio," that "courts should decide cases on their merits." *State ex rel. Owens v. Brunner*, 125 Ohio St.3d 130, 2010-Ohio-1374, 926 N.E.2d 617, at ¶23, quoting *State ex rel. Becker v. Eastlake* (2001), 93 Ohio St.3d 502, 505, 756 N.E.2d 1228. Second, Civ.R. 17(A) provides:

**{¶27}** "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

**{¶28}** Appellees argue that Adlaka had more than a reasonable amount of time to cure any standing defect, since Appellees raised the issue back in 2005, pursuant to a Civ.R. 60(B) motion to vacate the restitution judgment. As discussed above, Appellees' Civ.R. 60(B) motion was improperly filed, since Appellees had already filed a notice of appeal with this court from the same judgment they sought to vacate. Thus, the first time the issue was *truly* raised was in Appellees' summary judgment motion, and Adlaka should have been granted a reasonable amount of time thereafter to join additional parties.

{¶29} Based on the foregoing, it was unreasonable that the trial court prohibited Adlaka from adding additional parties to cure any purported standing defect. Accordingly, Adlaka's second assignment of error is meritorious.

## Summary Judgment

{¶30} In her third and final assignment of error, Adlaka asserts:

{¶31} "The court erred in granting summary judgment to the Defendants and violated Plaintiff's due process rights."

{¶32} An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, at ¶5. A motion for summary judgment is properly granted if the court, upon viewing the evidence in a light most favorable to the party against whom the motion is made, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to a judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ.R. 56(C); *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, at ¶10. Only the substantive law applicable to a case will identify what constitutes a material issue, and only the disagreements "over facts that might affect the outcome of the suit under the governing law" will prevent summary judgment. *Byrd* at ¶12, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

{¶33} When moving for summary judgment, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264. The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. Id. at 293.

{¶34} Adlaka first argues that because Appellees failed to raise lack of standing in their answer the defense is waived. Civ.R. 8(C) requires a party to set forth an affirmative defense in a pleading. An affirmative defense also may be raised in a Civ.R. 12(B)

motion if no responsive pleading has been filed.  A party also may seek to amend its responsive pleading under Civ.R. 15 to raise an affirmative defense.  If the party fails to raise its affirmative defense by use of any of these methods, he or she will waive that defense.  *Mills v. Whitehouse Trucking Co.* (1974), 40 Ohio St.2d 55, 320 N.E.2d 668, at syllabus; *Spence v. Liberty Twp. Trustees* (1996), 109 Ohio App.3d 357, 672 N.E.2d 213.

**{¶35}** Appellees argue they did not raise the standing defect earlier because they did not learn about it until 2005.  However, upon discovering the matter they failed to move the court to amend their answer.  Instead, they attempted to raise the issue by filing a Civ.R. 60(B) motion to vacate the trial court's November 16, 2004 order granting the Adlakas possession of the premises, *while an appeal from that judgment was pending with this court.*  The trial court never ruled on the motion, presumably because it lacked jurisdiction to do so.  Appellees never motioned this court for a limited remand to pursue the Civ.R. 60(B) proceedings.  Because Appellees never raised the standing issue until the day of trial, when they sought leave to file a motion for summary judgment, they have waived the defense.

**{¶36}** Second, Adlaka argues the court erroneously concluded she lacks standing to bring the instant suit.  Adlaka notes that she is listed as lessor in the lease agreement in her individual capacity.  She claims this makes her the real party in interest, even if she was not the record title holder of the property at the time the lease was executed.  Adlaka cites R.C. 1303.31 in support of her argument that she was a person entitled to enforce the lease.  However, R.C. 1303.31 applies to *negotiable instruments*, something a lease agreement is not.

**{¶37}** Although the law Adlaka cites is inapposite, it appears her overall conclusion is correct.  Several courts have held that the real party in interest rule, as stated in Civ.R. 17(A) does not apply to forcible entry and detainer actions.  *Alex-Bell Oxford Limited Partnership v. Woods*, (June 5, 1998), 2d Dist. No. 16038, at *3; *Oakbrook Realty Corp. v. Harris* (Apr. 30, 1991), 10th Dist. No. 89AP-819, at *1-2 ; See, also, *KDI Management Servs., Inc., v, Enerchem, Inc.* (Mar. 19, 1997), 1st Dist. No. C-960587, at *2 (concluding the applicability of Civ.R. 17 in forcible entry and detainer is "questionable"); *Knoppe v.*

*Applegate*, 5th Dist. No. 08 CAG 08 0051, 2009-Ohio-2007, at ¶29-32 (applying statutory definition of landlord, rather than Civ.R. 17(A) to determine real party in interest.)

**{¶38}** The rationale for the inapplicability of Civ.R. 17(A) is that "Civ.R. 1(C) limits the scope of the civil rules. It provides that, to the extent that they are clearly inapplicable, the rules do not apply to special statutory proceedings, and specifically not to actions in forcible entry and detainer. Thus, to the extent that it is incompatible with the statutory provisions of Chapter 1923 that govern detainer actions, Civ.R. 17 will not apply." *Alex-Bell Oxford Limited Partnership v. Woods*, (June 5, 1998), 2d Dist. No. 16038, at *3.

**{¶39}** R.C. 1923.01(C)(2) authorizes a "landlord" to bring an action in forcible entry and detainer, and "landlord" is defined more broadly than a real party in interest pursuant to Civ.R. 17(A). "'Landlord' means the owner, lessor, or sublessor of premises, or the agent or person the landlord authorizes to manage premises or to receive rent from a tenant under a rental agreement, * * * ." R.C. 1923.01(C)(2).

**{¶40}** By comparison, a real party in interest pursuant to Civ.R. 17(A) has been defined as "one who is directly benefited or injured by the outcome of the case." *U.S. Bank Natl. Assn. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032, at ¶31 (Seventh District), citing *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 24, 20 OBR 210, 485 N.E.2d 701.

**{¶41}** Following this logic and applying the statutory definition of landlord, courts have held that it is *not* required that the record title owner commence an action for forcible entry and detainer. See *KDI Management* at *1 ("the question of ownership was immaterial to the action")*; Knoppe* at ¶29-32. For example, in *Knoppe*, the court rejected a defendant-tenant's argument that the plaintiff lacked standing simply because the land at issue was owned by non-party corporation. Notably, in *Knoppe* the cause of action for possession of the premises, as in the present case, was not an issue on appeal. The court held:

**{¶42}** "As to the breach of the lease agreement, we find that the parties to the lease agreements as set forth in the introductory paragraph of such agreement are "Kim

R. Knoppe, the "landlord", and David R. Applegate, hereafter referred to in this Agreement as "Tenant". The last page of the Lease Agreement contains the signatures of David Applegate and Kim Knoppe. We therefore find that Plaintiff-Appellee was the real party in interest as he was the landlord/party named in the Real Estate Lease Agreement which is the subject of this action." *Knoppe* at ¶32.

**{¶43}** Although this court has not previously addressed this issue, the logic of our sister districts is sound. Thus, the trial court erred by granting summary judgment against Adlaka for lack of legal standing. Adlaka was clearly a party to the Lease Agreement. She was listed as the lessor in the body of the agreement and her signature appeared at the end of the document. This means she is a "landlord" as defined in R.C. 1923.01(C)(2). Adlaka was the proper party to bring suit for forcible entry and detainer and for breach of the lease agreement, and the trial court erred by concluding otherwise. Thus, Adlaka's third assignment of error is meritorious.

**{¶44}** In conclusion, the trial court did not abuse its discretion by granting Appellees leave to file a dispositive motion on the day of trial. The court continued the trial date and granted Adlaka sufficient time to file a responsive brief. However, the trial court erred when it did not permit Adlaka to add or substitute parties and it granted summary judgment to Appellees on the standing issue. First, Adlaka's motion to add or substitute parties should have been granted. Second, Appelles waived the defense of lack of standing. Finally, Adlaka did have standing to file the instant action because forcible entry and detainer actions pursuant to R.C. 1923.01 along with claims for damages arising from a breach of the lease agreement may be brought by one who is a party to a lease agreement and listed as the landlord therein. Accordingly, the judgment of the trial court is reversed and remanded for further proceedings.

Vukovich, P.J., concurs.
Donofrio, J., concurs.