[Cite as *Adlaka v. Quaranta*, 2011-Ohio-4187.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| SAT ADLAKA, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-MA-96 |
| | ) | |
| RONALD QUARANTA, SR., et al., | ) | OPINION |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Mahoning County Area
Court No. 2 of Mahoning County, Ohio
Case No. 06CVF906

JUDGMENT:    Affirmed

APPEARANCES:
For Plaintiff-Appellant    Sat Adlaka, pro-se
1285 Boardman-Canfield Rd.
Youngstown, Ohio 44512

For Defendants-Appellees    Attorney Matthew Giannini
1040 South Commons Place, Suite 200
Youngstown, Ohio 44514

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Hon. Mary DeGenaro

Dated: August 19, 2011

DONOFRIO, J.

Plaintiff-appellant, Sat Adlaka, appeals from a Mahoning County Area Court No. 2 decision overruling his objection to a magistrate decision and finding that Case Number 06 CVF 0906 had been transferred to the Mahoning County Common Pleas Court.

Appellant filed a complaint in the Mahoning County Area Court No. 2 (Boardman Court) against defendants-appellees, Ronald Quaranta, Sr., Ronald Quaranta, Jr., their restaurant Caffé Capri, and Samsa Green Moving and Storage, Inc., on August 31, 2006. Appellant alleged that appellees occupied part of his property without his permission and that appellees left property belonging to them on appellant's property for which appellant had to incur charges for removal (case 06 CVF 0906).

On September 15, 2006, appellees moved to dismiss the complaint or, in the alternative, to transfer and consolidate the case with common pleas court case 03 CV 3791, an eviction suit filed by appellant's wife Karen against appellees involving the same premises.[1]

The magistrate held a hearing on appellees' motion and ultimately determined that case 06 CVF 0906 should be transferred to common pleas court and consolidated with case 03 CV 3791. The magistrate directed the clerk of courts to forward a copy of the entire file to the common pleas court.

Neither party filed objections to the magistrate's decision. On January 12, 2007, the trial court adopted the decision.

The docket indicates that on January 17, 2007, the case file was picked up by the Boardman Court's Clerk of Courts to deliver to the Mahoning County Common Pleas Clerk of Courts. The docket further indicates that the file was received by the

---

1 Case No. 03 CV 3791 resulted in the trial court granting summary judgment to appellees. However, on appeal, this court reversed summary judgment and remanded the matter to the trial court for further proceedings. *Adlaka v. Quaranta*, 7th Dist. No. 09-MA-134, 2010-Ohio-6509.

common pleas clerk of courts that same day.

No further action took place in this case as it was considered closed.

But over three years later, on May 7, 2010, appellant filed a "Motion to Reopen the Case 06 CVF 0906 Bdmn. Boardman Court Has Sole Jurisdiction and Direct Clerk of Courts to Retrieve the Case Files."

The magistrate denied the motion. In doing so he made the following findings. The matter was last before the Boardman Court for a hearing on December 18, 2006, on appellees' motion to dismiss the case or transfer it to the common pleas court. A magistrate's decision granted appellees' motion to transfer and consolidate. The clerk of the Boardman Court was directed to forward a copy of the entire file to the common pleas court to be consolidated with Case No. 03 CV 3791. The docket in the present case indicates no objections to that decision, the magistrate's decision was adopted by the court, and the case file was transferred. The magistrate therefore determined that the Boardman Court had no jurisdiction to reopen a case that was transferred to the common pleas court or to retrieve case files from the common pleas court.

Appellant filed an objection to the magistrate's decision. He claimed that 06 CVF 0906 was never consolidated with 03 CV 3791, that he was not added as a party in that case, and that it proceeded to trial and appeal without his participation.

The trial court overruled appellant's objection stating that the case and file had been transferred to the common pleas court.

Appellant filed a timely notice of appeal from this decision. He is acting pro se.

Appellant raises three assignments of error, all of which make the same basic assertion. They state:

"THE COURT ERRED AND ABUSED ITS DISCRETION BY NOT GIVING NOTICE OF HEARING, DOCKET (EVENT) SHOWS NO DATE FOR HEARING WAS SET BY THE COURT."

"THE COURT ERRED AND ABUSED ITS DISCRETION BY CONSIDERING THE CASE IS CONSOLIDATED IF DOCKETED OR NOT. . . LIKEWISE HAS NO JURISDICTION."

"THE COURT ERRED AND ABUSED ITS DISCRETION BY NOT ALLOWING ACCESS TO THE COURT TO PLAINTIFF/APPELLANT."

Appellant contends that 06 CVF 0906 was never actually consolidated with 03 CV 3791 and he was never added as a party to that case. Therefore, he claims he was not afforded an opportunity to present his case.

Something went amiss in this case. The docket of case 03 CV 3791 does not give any indication that 06 CVF 0906 was ever consolidated with it. And appellant was never added as a party to 03 CV 3791. The case captions in the judgment entries list only Karen Adlaka as a plaintiff. On November 24, 2008, Karen filed a motion to add or substitute parties seeking to add appellant, along with two others, as parties, which the court denied. And on June 29, 2009, appellant filed a motion to add himself as a party, referencing the Boardman Court's January 2007 judgment transferring the case to common pleas court and consolidating it with 03 CV 3791.[2] Furthermore, in *Adlaka*, 7th Dist. No. 09-MA-134, at ¶15 (the appeal of 03 CV 3791), we made note of the fact that appellant was not a party to that case.

In *Adlaka*, 7th Dist. No. 09-MA-134, at ¶29, we concluded that it was unreasonable for the trial court to prohibit Karen from adding additional parties to cure a purported standing defect. We went on to hold that "the trial court erred when it did not permit [Karen] Adlaka to add or substitute parties and it granted summary judgment to Appellees on the standing issue. First, [Karen] Adlaka's motion to add or substitute parties should have been granted." Id at ¶44. We reversed the court's summary judgment in favor of appellees and remanded the matter to the trial court for further proceedings.

It is unclear why when 06 CVF 0906 was transferred to common pleas court to be consolidated with 03 CV 3791 appellant was not made a party. However, an appeal from the Boardman's Court's judgment overruling appellant's motion to reopen the case is not the appropriate remedy here. On appeal, an appellate court may only review and affirm, reverse, or modify the final order appealed. App.R. 12(A)(1)(a). The Boardman Court correctly concluded that it transferred the case.

---

2 Presumably, the court never ruled on this motion because it received the motion on the same day it granted appellees' motion for summary judgment, in effect ending the case.

The docket indicates that the common pleas clerk of courts received the file on January 17, 2007. Appellant's remedy lies with the common pleas court because the case was transferred to it.

Moreover, appellant offers no explanation why he waited approximately two and a half years from the date of transfer to bring this issue to the common pleas court's attention and over three years to file his motion to reopen in Boardman Court.

As an aside, this error will likely be corrected on the remand from *Adlaka*, 7th Dist. No. 09-MA-134. We specifically found in that case that the court should have permitted Karen to add parties, including appellant, to her complaint. Thus, the common pleas court should allow appellant to be added as a party to that case at which time he can reassert his claims.

Accordingly, appellant's assignments of error are without merit.

For the reasons stated above, the trial court's judgment is hereby affirmed.


Vukovich, J. concurs.

DeGenaro, J., concurs.