BYRD ET AL., APPELLANTS, *v.* SMITH; CONTINENTAL
CASUALTY COMPANY, APPELLEE.

[Cite as *Byrd v. Smith,* 110 Ohio St.3d 24, 2006-Ohio-3455.]

(No. 2005–0797—Submitted December 14, 2005—Decided July 19, 2006.)

■■■■■■■

■■■■■■■

■■■■■■■

LANZINGER, J.

{¶ 1} This case is before the court on a certified conflict over whether a party's affidavit that is inconsistent with or contradictory to the party's deposition testimony should be considered by the trial court in deciding a motion for summary judgment.

## Procedure

{¶ 2} Bryan Byrd was injured in an automobile accident in Clermont County on August 3, 2000, when a pickup driven by Glenn Smith went left of center and hit his van. The van that Byrd was driving was owned or leased by Byrd's employer, Fred DeBra Company, and was insured by a commercial policy issued to DeBra's parent company, Emcor Group, Inc., by Continental Casualty Company.

{¶ 3} As part of the litigation that ensued, Byrd and Tammy Murray, now his wife, Tammy Byrd, filed a complaint in Clermont County Court of Common Pleas seeking uninsured/underinsured-motorist ("UM/UIM") coverage under the policy issued to Emcor. The suit against Continental was based on *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, which had expanded UM/UIM coverage under an employer's policy to its employees.

{¶ 4} On January 26, 2004, citing *Westfield Ins. Co. v. Galatis* (2003), 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, which significantly limited *Scott–Pontzer*, Continental filed a motion for summary judgment. The motion was supported by the May 25, 2001 deposition of Bryan Byrd and rested upon Continental's contention that Byrd was not within his scope of employment with DeBra when the accident occurred.

{¶ 5} In response, the Byrds filed a motion to strike on January 28, 2004. A few days later, the Byrds also filed a motion for summary judgment on the issue of coverage and a memorandum in opposition to Continental's motion, accompanied by Byrd's own affidavit. In this affidavit, Byrd asserted that while he was employed by DeBra, he wore a pager, he received and responded to pages both during and outside "normal" working hours, he drove a truck with a sign that stated that DeBra was available for 24–hour service, and, as long as he was driving a company vehicle with such signage, he considered that he "was working and advertising for The Fred DeBra Company."

{¶ 6} The trial court denied Byrd's motion to strike Continental's untimely motion and granted Continental summary judgment.[1] The trial court noted Byrd's admission that he had been driving home from Tammy's father's house and held that Byrd did not qualify as an insured, since he was not within the scope of his employment with DeBra when the accident happened. The decision, however, did not refer in any way to Byrd's affidavit.

{¶ 7} The Twelfth District Court of Appeals affirmed. *Byrd v. Smith* (Feb. 7, 2005), Clermont App. No. CA2004–08–067. In disposing of the assignment of error relating to Byrd's affidavit, the appellate court cited *Golden v. Kearse* (June 7, 1999), Butler App. No. CA98–08–164, 1999 WL 374128, for the proposition that "neither a movant nor a respondent can prevail on summary judgment by creating an issue of material fact through the use of contradictory or conflicting summary judgment materials." Id. at ¶ 4. The ruling was certified pursuant to S.Ct.Prac.R. IV(1) as being in conflict with *Retterer v. Whirlpool Corp.* (1996), 111 Ohio App.3d 847, 677 N.E.2d 417, a decision of the third appellate district. *Byrd v. Smith*, 106 Ohio St.3d 1409, 2005-Ohio-3154, 830 N.E.2d 343.

{¶ 8} As certified and accepted, the issue is "[w]hether it is proper for courts to disregard an affidavit inconsistent with or contradictory to prior deposition testimony when ruling on a motion for summary judgment." Id.

{¶ 9} Appellants, Bryan and Tammy Byrd, argue that a trial court should always consider a nonmoving party's supplemental or contradictory affidavit "so long as a plausible or credible explanation is given for the apparent conflict," while appellee, Continental Casualty Company, argues that it is proper for the court to disregard an affidavit inconsistent with or contradictory to earlier deposition testimony when it decides a summary judgment motion.

## Summary Judgment; Civ.R. 56

{¶ 10} The procedure set forth in Ohio Civ.R. 56 is modeled after the federal rule that authorizes summary judgment in appropriate cases. See *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, at ¶ 16, citing 1970 Staff Notes to Civ.R. 56. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267. The burden of showing that no genuine issue of material fact exists falls upon the party who files for summary judgment.

---

1. Byrd relied on Civ.R. 56(B), which states that if an action has been set for trial, a motion for summary judgment may be made only with leave of court.

*Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 662 N.E.2d 264. Once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).

{¶ 11} As the United States Supreme Court has observed, the Federal Rules of Civil Procedure are "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed. Rule Civ. Proc. 1 * * *. Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265.

{¶ 12} Before ruling on a motion for summary judgment, the trial court's obligation is to read the evidence most favorably for the nonmoving party to see if there is a "genuine issue of material fact" to be resolved. Only if there is none does the court then decide whether the movant deserves judgment as a matter of law. The material issues of each case are identified by substantive law. As the United States Supreme Court has explained, "[o]nly disputes over ·facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

## Material Issues

{¶ 13} In the present case, whether Byrd's injury occurred within the scope of his employment is a factual issue material to his potential UM/UIM coverage.

{¶ 14} Appellee, Continental, rested its motion for summary judgment filed January 26, 2004, on Byrd's May 25, 2001 deposition testimony that stated he was on a personal errand at the time of the accident, having just stopped by Tammy's father's house to pick up a car part to repair her brother's car. Appellee thus argues that Byrd was not within the scope of his employment and, as a matter of law, not entitled to coverage under his employer's policy under *Galatis*.

{¶ 15} In attempting to demonstrate that there is a genuine issue of material fact, Byrd submitted an affidavit dated February 2, 2004, which states:

{¶ 16} "4. At some point during the time that I worked for The Fred DeBra Company Company [sic], I was given a vehicle owned or leased by the Fred DeBra Company. At the time of the crash that I was involved in on August 3, 2000, I was operating a van that I understood was leased from Mike Albert

Leasing by The Fred DeBra Company. At no time did anyone at or from the Fred DeBra Company restrict my use of any vehicle that was entrusted to me.

{¶ 17} "5. While employed by The Fred DeBra Company, I wore a pager that was issued or given to me by the Fred DeBra Company. I would receive pages from superiors or others both during and outside 'normal' working hours. I would respond to the pages whether the page was received inside or outside of 'normal' working hours.

{¶ 18} "6. The attached photograph of the truck that I was driving at the time of the crash has a sign that clearly states that The Fred DeBra Company was available for '24 Hour Service'. The attached photograph fairly and accurately depicts the truck and the signage very shortly after the crash of August 3, 2000.

{¶ 19} "7. As far as I am concerned, so long as I was driving a vehicle like the one in the photograph, I was working and advertising for The Fred DeBra Company."

{¶ 20} Appellee characterizes this affidavit as being "inconsistent" with or "contradictory" to Byrd's earlier deposition testimony. The trial court's decision does not refer to Byrd's affidavit. From this silence, it appears that the trial court failed to consider the affidavit or decided that it had no effect on the issue of scope of employment.

{¶ 21} Civ.R. 56(C) directs the trial judge to render summary judgment "if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Emphasis added.) What is the extent to which a court must give weight to an affidavit that is supplemental to, inconsistent with, or contradictory to earlier testimony, and can such an affidavit create a genuine issue of material fact? Those are the questions posed by the certified conflict.

### Application of *Turner v. Turner*

{¶ 22} This court has already held that a moving party's contradictory affidavit may not be used to obtain summary judgment. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 617 N.E.2d 1123. In *Turner*, even though the mother's affidavit and earlier deposition about whether she had had to brake to avoid the auto collision that injured her passenger son were not explicitly contradictory, summary judgment in favor of the mother as the moving party was inappropriate when, by her own statements, an issue of fact was created. *Turner* held that "[w]hen a litigant's affidavit in support of his or her motion for summary judgment is inconsistent with his or her earlier deposition testimony, summary judgment in that party's favor is improper because there exists a question of credibility which can be resolved only by the trier of fact." Id. at paragraph one of the syllabus.

In other words, a summary judgment movant may not benefit from changing a deposition with a later sworn statement.

{¶ 23} Whether *Turner's* rule against a moving party's benefiting from an inconsistent affidavit should be applied to nonmoving parties is a matter of some dispute. The Eleventh and Twelfth District appellate courts have held that a nonmoving party may not defeat a motion for summary judgment by creating an issue of material fact in an affidavit that conflicts with the nonmoving party's prior deposition testimony. See *Capital Financial Servs., Inc. v. Hibbard* (Oct. 9, 1995), Butler App. No. CA95–04–079, 1995 WL 591247; *McCain v. Cormell* (June 30, 1994), Trumbull App. No. 93–T–4967, 1994 WL 320915. These courts hold that if a movant's conflicting affidavit creates a question of credibility that prevents the movant from prevailing on the motion, then it is equally inappropriate to allow a nonmoving party to create a question of fact by contradicting prior testimony to defeat an otherwise valid motion for summary judgment. The First and Fourth Districts add the term "without explanation" or "without good explanation" to this principle. *Pain Ents., Inc. v. Wessling* (Mar. 22, 1995), Hamilton App. No. C–930888, 1995 WL 121459, at *4; *Steiner v. Steiner* (July 12, 1995), Scioto App. No. 93CA2191, 1995 WL 416941, at *3.

{¶ 24} On the other hand, appellate courts like the Third District in *Retterer v. Whirlpool Corp.* (1996), 111 Ohio App.3d 847, 677 N.E.2d 417, have held that supplemental or contradictory affidavits of a nonmoving party should be considered. *Retterer* stated that the "conflicting statements 'go to the credibility of the witness, and not the admissibility of such documents.' " Id. at 853, 677 N.E.2d 417, quoting *Grant v. Marion* (Dec. 28, 1995), Marion App. No. 9–95–37, 1995 WL 771385, at *5. Because summary judgment evidence is to be construed in a light most favorable to the nonmoving party, it does not matter which party made the inconsistent statement. See *K–Swiss, Inc. v. Cowens Sports Ctr., Inc.* (Nov. 8, 1995), Greene App. No. 95–CA–48, 1995 WL 655945, *6; *Musial v. Tamarkin Co.* (Sept. 1, 1994), Mahoning App. No. 93 C.A. 40, 1994 WL 813603.

{¶ 25} We must remember that the parties are not quite in the same position with respect to summary judgment. The movant has the burden to show the lack of any genuine issue of material fact. *Dresher*, 75 Ohio St.3d at 294, 662 N.E.2d 264. The nonmoving party, on the other hand, receives the benefit of all favorable inferences when evidence is reviewed for the existence of genuine issues of material facts. *Temple*, 50 Ohio St.2d at 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 26} We first hold that when determining the effect of a party's affidavit that appears to be inconsistent with the party's deposition and that is submitted either in support of or in opposition to a motion for summary judgment, a trial court must consider whether the affidavit contradicts or merely supplements the

deposition. Unless a motion to strike has been properly granted pursuant to Civ.R. 56(G), all evidence presented is to be evaluated by the trial court pursuant to Civ.R. 56(C) before ruling. If an affidavit of a movant for summary judgment is inconsistent with the movant's former deposition testimony, summary judgment may not be granted in the movant's favor. *Turner*, 67 Ohio St.3d 337, 617 N.E.2d 1123; see, also, *Wright v. Honda of Am. Mfg., Inc* (1995), 73 Ohio St.3d 571, 575–576, 653 N.E.2d 381 (when a movant makes substantive changes to deposition testimony, an issue of credibility of the deponent is created and summary judgment is inappropriate).

{¶ 27} With respect to a nonmoving party, the analysis is a bit different. If an affidavit appears to be inconsistent with a deposition, the court must look to any explanation for the inconsistency. We do not say that a nonmoving party's affidavit should always prevent summary judgment when it contradicts the affiant's previous deposition testimony. After all, deponents may review their depositions and correct factual error before the depositions are signed. Civ.R. 30(E) provides: "Any changes in form or substance that the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them." Thus, appellants' argument concerning the limited purpose of depositions and the manner in which they are taken does not excuse a deponent's cavalier treatment of facts established through deposition testimony. Sham affidavits are subject to a motion to strike and motions for sanctions. See Civ.R. 56(G).

{¶ 28} In reviewing explanations for inconsistent or contradictory affidavits, some appellate courts have held that without a finding of bad faith, the affidavit must be considered as truthful, and even if conflicts exist, the trial court must consider the affidavit in determining the summary judgment motion. *Aglinsky v. Cleveland Builders Supply Co.* (1990), 68 Ohio App.3d 810, 816, 589 N.E.2d 1365. We agree with the sentiment expressed in *Lemaster v. Circleville Long Term Care, Inc.* (Feb. 22, 1988), Pickaway App. No. 87 CA 2, 1988 WL 17187, *3: "Ordinarily, under [Civ.R.] 56(C), when an affidavit is inconsistent with affiant's prior deposition testimony as to material facts and the affidavit neither suggests affiant was confused at the deposition nor offers a reason for the contradictions in her prior testimony, the affidavit does not create a genuine issue of fact which would preclude summary judgment." We hold that an affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat a motion for summary judgment.

{¶ 29} In summary, in response to the certified question, we answer that when an inconsistent affidavit is presented in support of, or in opposition to, a motion for summary judgment, a trial court must consider whether the affidavit contra-

dicts or merely supplements the affiant's earlier sworn testimony. A movant's contradictory affidavit will prevent summary judgment in that party's favor. A nonmoving party's contradictory affidavit must sufficiently explain the contradiction before a genuine issue of material fact is created.

### Genuine Issue of Material Fact

{¶ 30} Appellee argues that Byrd's affidavit was supplied "to create a sham factual dispute and overcome summary adjudication." Appellants, however, maintain that Byrd's affidavit is merely supplemental.

{¶ 31} Here, the appellate court rejected Byrd's affidavit without considering his explanation for the inconsistency or contradiction. Yet the court must still evaluate Byrd's explanation that his deposition did not fully explore the issue of scope of employment, as it was not relevant before *Scott–Pontzer*'s limitation in *Westfield v. Galatis.*

{¶ 32} Based upon our answer to the certified question, we reverse the judgment of the Twelfth District Court of Appeals and remand for further proceedings in accordance with this opinion.

Judgment reversed
and cause remanded.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

RESNICK, J., concurs in judgment only.

O'DONNELL, J., dissents.

---

**O'DONNELL, J., dissenting.**

{¶ 33} I respectfully dissent.

{¶ 34} The case is presented to us as a certified conflict: "Whether it is proper for courts to disregard an affidavit inconsistent with or contradictory to prior deposition testimony when ruling on a motion for summary judgment."

{¶ 35} I would answer this question in the affirmative because a party to a lawsuit should not be able to create its own issue of fact by submitting an affidavit conflicting with earlier deposition testimony to create a genuine issue of material fact in order to prevent the granting of a motion for summary judgment.

{¶ 36} The majority, while distinguishing between moving and nonmoving parties in the summary-judgment context, nonetheless grants the nonmoving party an opportunity for additional explanation, which could cause the trial court either to delay ruling on or to deny a motion for summary judgment, neither of

which is contemplated by Civ.R. 56 or the court's requirements for summary judgment set forth in *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

{¶ 37} This is a matter better left to the Commission on the Rules of Practice and Procedure for drafting changes to the Civil Rules and should not be resolved by case authority, which will serve only to frustrate the task of trial judges in resolving cases in accordance with Civ.R. 56.

—————

Gary A. Rosenhoffer, for appellants.

Reminger & Reminger Co., L.P.A., Robert W. Hojnoski, and Joseph W. Borchelt, for appellee.