Brown, C.J.,
concurring in part and dissenting in part.
{¶ 42} I agree with the majority that this matter should be remanded to the trial court for further proceedings. However, because I find that the majority’s consideration of whether to extend Byrd v. Smith, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, is premature, I dissent from the majority’s extension of Byrd to retained, nonparty experts.
*421 Lawrence J. White, for appellee.
Arnold, Todaro & Welch Co., L.P.A., and Kevin W. Popham, for appellant.
{¶ 43} The parties disagree as to whether Dr. Sickles’s affidavit contradicted or merely supplemented his deposition testimony. The trial court’s summary judgment decision completely fails to address this issue. The trial court also failed to rule upon Dr. Aggarwal’s motion to strike Dr. Sickles’s affidavit, which was based upon Dr. Aggarwal’s assertion that the affidavit contradicted the deposition testimony.
{¶ 44} Because the court of appeals held that Byrd was inapplicable to nonparties, a finding of whether Dr. Sickles’s affidavit contradicted his deposition testimony was unnecessary to the appellate decision. Pettiford v. Aggarwal, 186 Ohio App.3d 705, 2009-Ohio-3642, 930 N.E.2d 351, at ¶ 38. However, each of the appellate opinions expressed a view regarding the nature of Dr. Sickles’s affidavit and deposition testimony. The lead opinion recognized that “contradictions do exist between the deposition of Dr. Sickles and his subsequent affidavit.” Id. The concurring opinion stated that Dr. Sickles’s affidavit statements were “not unambiguously inconsistent with his prior deposition testimony.” Id. at ¶ 46 (Grady, J., concurring). The dissenting opinion stated that Dr. Sickles’s affidavit was “a complete contradiction.” Id. at ¶ 67 (Donovan, P.J., dissenting).
{¶ 45} From the record, it is clear that the nature of Dr. Sickles’s affidavit and deposition testimony has not been addressed explicitly by the lower courts. I agree with the majority that the determination of whether a contradiction exists should be made by the trial court. Therefore, I would remand this matter to the trial court for a determination of whether a contradiction exists. I find that no discussion of whether to extend the holding of Byrd to retained, nonparty experts is warranted until there has been a clear determination that the affidavit contradicts, not merely supplements, the deposition testimony.