[Cite as *Pettiford v. Aggarwal* , 2011-Ohio-5209.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY   COUNTY**

|  |  |  |
|---|---|---|
| BARBARA PETTIFORD | : | |
| | : | Appellate Case No. 24557 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 05-CV-4831 |
| v. | : | |
| | : | (Civil Appeal from |
| RAJENDRA K. AGGARWAL | : |  Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 7th day of October, 2011.

. . . . . . . . .

LAWRENCE J. WHITE, Atty. Reg. #0062363, 2533 Far Hills Avenue, Dayton, Ohio 45419
       Attorney for Plaintiff-Appellant

KEVIN W. POPHAM, Atty. Reg. #0066335, Arnold Todaro & Welch, 2075 Marble Cliff
Office Park, Columbus, Ohio 43215
       Attorney for Defendant-Appellee

. . . . . . . . .

HALL, J.

{¶ 1}   Barbara Pettiford appeals from the trial court's entry of summary judgment against her on her medical-malpractice complaint against appellee, Rajendra K. Aggarwal.

{¶ 2}   Pettiford advances three assignments of error on appeal. First, she contends the trial court erred in finding that her medical expert's affidavit did not create a genuine issue of material fact for trial. Second, she claims the trial court erred in relying on defense counsel's

"representations and interpretations." Third, she argues that the trial court erred in "mixing and matching" her medical expert's deposition testimony, thereby taking the testimony out of context.

{¶ 3} The record reflects that Pettiford underwent a chest x-ray and an MRI in 1999. Aggarwal allegedly misinterpreted the x-ray as normal. In 2002, a tumor was discovered on Pettiford's lung. As a result, she filed a medical-malpractice action, alleging that Aggarwal should have detected the tumor in 1999. In the trial court proceedings, Aggarwal's counsel deposed Pettiford's medical expert, Dr. Trent Sickles. During his deposition, Sickles opined that Aggarwal had deviated from the acceptable standard of care by not detecting a lung mass on Pettiford's 1999 x-ray. Sickles offered no opinion about causation or the effect of a three-year delay in diagnosis on Pettiford's "treatment or course." Following the deposition, Aggarwal filed a renewed motion for summary judgment, alleging that Pettiford would be unable to provide expert testimony on causation. Pettiford opposed the motion with an affidavit from Sickles. Therein, Sickles averred that Pettiford had suffered various adverse consequences as a direct and proximate result of Aggarwal's negligence. Aggarwal moved to strike the affidavit, arguing that it improperly contradicted Sickles's prior deposition testimony without explanation. The trial court entered summary judgment for Aggarwal without ruling on the motion to strike or explaining its decision.

{¶ 4} On appeal, this court reversed in a divided opinion. The lead opinion found unspecified contradictions between Sickles's deposition testimony and his later affidavit. The lead opinion nevertheless found the rule of *Byrd v. Smith*, 110 Ohio St.3d 24,

2006-Ohio-3455, inapplicable because Sickles was not a party.[1] Therefore, the lead opinion held that Sickles's affidavit was sufficient to create a genuine issue of material fact for trial. A concurring judge agreed that *Byrd* did not apply but, in any event, saw no unambiguous inconsistency between Sickles's deposition testimony and subsequent affidavit. A dissenting judge concluded that *Byrd* did apply and that Sickles's affidavit completely contradicted his deposition testimony.

{¶ 5} On further appeal, the Ohio Supreme Court reversed this court's decision. In *Pettiford v. Aggarwal*, 126 Ohio St.3d 413, 2010-Ohio-3237, the majority held that "[a]n affidavit of a retained, nonparty expert contradicting the former deposition testimony of that expert and submitted in opposition to a pending motion for summary judgment does not create a genuine issue of material fact to prevent summary judgment unless the expert sufficiently explains the reason for the contradiction." Id. at the syllabus. After finding that the rule of *Byrd* applied in the present case, the Ohio Supreme Court added: "The determination of whether Dr. Sickles's affidavit contradicted his deposition without a sufficient explanation for the alleged contradiction is a factual determination that is properly made by the trier of fact. The trial court did not expound on its reasoning for granting Dr. Aggarwal's motion for summary judgment and never ruled on the motion to strike Dr. Sickles's affidavit, and the appellate court declined to apply the *Byrd* analysis. In light of our clarification of *Byrd*'s applicability, the appropriate course is to remand this matter to the trial court to apply the analysis set forth herein. Accordingly, we remand this cause to the trial court to now engage in

---

[1] In *Byrd*, the Ohio Supreme Court held that "[a]n affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat the motion for summary judgment." Id. at paragraph three of the syllabus.

that analysis." Id. at 420.

{¶ 6} On remand, the trial court determined that Sickles's affidavit was admissible but that it did contradict his prior deposition testimony. That being so, the trial court held that the affidavit failed to create a genuine issue of material fact and entered summary judgment in Aggarwal's favor. This appeal followed.

{¶ 7} In her first assignment of error, Pettiford contends the trial court erred in finding that Sickles's affidavit did not create a genuine issue of material fact. She claims the affidavit merely supplemented Sickles's deposition testimony and did not contradict it. Pettiford reasons that Sickles opined about Aggarwal's breach of the standard of care in his deposition while offering no opinion on the issue of causation. Thereafter, in his affidavit, Sickles provided additional information, opining for the first time on the causation issue.

{¶ 8} Having reviewed Sickles's deposition testimony and his affidavit, we see no error in the trial court's finding of an unexplained conflict. During his November 14, 2007 deposition, Sickles opined that Aggarwal had breached the applicable standard of care by failing to recognize a lung mass on Pettiford's 1999 x-ray. Sickles stated that he did not intend to offer any opinions about the effect of a three-year delay in discovering the mass on Pettiford's "treatment or course." Sickles also stated that he did not intend to offer any opinions about "causation." (Sickles depo. at 38-39, 48). Later in his deposition, Sickles addressed Pettiford's diagnosis with a lung tumor in 2002. He testified: "* * * [A]fter I looked at the records I pretty much determined that I couldn't testify or give any opinions about causation, so I haven't looked at that since a year-and-a-half ago." (Id. at 56-57). Finally, Sickles agreed to let defense counsel know if he modified his opinions or formed any additional opinions after his deposition. (Id. at 63).

{¶ 9} Thereafter, in his summary judgment affidavit, Sickles averred:

{¶ 10} "1. My name is Trent Sickles. I am a licensed physician in the state of Ohio and I have given sworn testimony regarding the negligence of Dr. Aggarwal by Barbara Pettiford.

{¶ 11} "2. I further agree to testify as an expert for the Plaintiff, Barbara Pettiford regarding damages she has suffered as a direct and proximate result of Dr. Aggarwal's negligence.

{¶ 12} "3. Specifically, I believe that Ms. Pettiford endured pain and suffering for an extensive period of time as a direct and proximate result of Dr. Aggarwal's negligence in failing to diagnose the tumor in her right lung.

{¶ 13} "4. I further believe that Ms. Pettiford suffered the crisis of a collapsed lung, and [an] extended hospital stay as a direct and proximate result of the negligence of Dr. Aggarwal."

{¶ 14} Arguably, no conflict exists between Sickles's deposition statement that he did not intend to offer any opinions about causation and his later affidavit rendering such opinions. An expression of one's intent not to opine does not necessarily conflict with a later expression of an opinion. In other words, saying, "I do not intend to tell," is not inconsistent with later telling. We are more troubled by Sickles's deposition statement that, upon reviewing Pettiford's records, he "pretty much determined that [he] couldn't testify or give any opinions about causation." Unlike his deposition statement that he *did not intend to* opine about causation, Sickles's deposition statement that he *could not opine* about causation directly conflicts with the later opinions offered in his affidavit about causation. Absent some

– 6 –

explanation for this contradiction, *Byrd* precluded Sickles from initially denying the ability to give causation testimony and then, in response to a summary judgment motion, giving such testimony. Because Sickles's affidavit gave no explanation for his newly found ability to provide causation testimony, the trial court correctly held that the affidavit failed to raise a genuine issue of material fact for trial. Pettiford's first assignment of error is overruled.

{¶ 15} In her second assignment of error, Pettiford claims the trial court erred in relying on defense counsel's "representations and interpretations." As we understand it, her argument is that the trial court erred in accepting defense counsel's off-the-record characterization of the "causation" issue in this case. Specifically, Pettiford disputes the following sentence found in the "Procedural History" portion of the trial court's summary judgment ruling: "Defense counsel recollects that on January 30, 2008, in a final pre-trial conference with the Court, Plaintiff admitted that she did not have an expert to testify as to the issue of causation."

{¶ 16} According to Pettiford, she had admitted all along that she could not prove a causal connection between Aggarwal's alleged misreading of her 1999 x-ray and the need for her lung to be removed. Thus, she contends that when Sickles testified during his deposition that he could not offer an opinion on "causation," the doctor meant that he could not say whether an accurate reading of her x-ray in 1999 would have saved her lung. Pettiford contends Sickles *did not* mean that he was unable to opine about whether Aggarwal's alleged 1999 misreading of the x-ray caused her 2002 collapsed lung and pneumenectomy. Pettiford insists that the causal connection between Aggarwal's alleged 1999 misreading of the x-ray and her 2002 collapsed lung was "obvious" to everyone.

{¶ 17} Upon review, we find Pettiford's second assignment of error to be

unpersuasive. Regardless of what the trial court believed Pettiford had "admitted" when it summarized the procedural history of her case, the crucial issue is whether Sickles's affidavit conflicted with his November 14, 2007 deposition testimony. On that issue, we find an unexplained conflict for the reasons set forth above. Under the Ohio Supreme Court's recent ruling in this case, Sickles bore the burden to explain why his deposition testimony conflicted with his affidavit regarding his ability to offer an opinion on causation. *Pettiford*, at 414. In his affidavit, Sickles could have attempted to explain the conflict by urging the distinction that Pettiford articulates on appeal. He did not. As a result, the trial court did not err in finding Sickles's affidavit inadequate to create a triable issue of fact. The second assignment of error is overruled.

{¶ 18} In her third assignment of error, Pettiford argues that the trial court erred in taking Sickles's deposition testimony out of context by "mixing and matching" it. This argument lacks merit. During his deposition, Sickles was asked directly, "Do you intend to render any causation opinions in this case?" He responded, "No." (Sickles depo. at 39). As noted above, Sickles later added that, after reviewing the records, he "pretty much determined that he couldn't testify or give any opinions about causation." (Id. at 56-57). In his subsequent affidavit, Sickles rendered opinions about causation without explaining his ability to do so. Having examined Sickles's deposition and affidavit, we are unpersuaded that the trial court erroneously found a conflict by reading portions of the deposition out of context. The third assignment of error is overruled.

{¶ 19} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.

Copies mailed to:

Lawrence J. White
Kevin W. Popham
Hon. Frances E. McGee