[Cite as *Daugherty v. Wayne Cty. Bd. of Commrs.*, 2011-Ohio-5432.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

DONNA J. DAUGHERTY, et al.

      Appellees

      v.

WAYNE COUNTY BOARD OF COUNTY
COMMISSIONERS, et al.

      Appellants

C.A. No.     10CA0046

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    09-CV-0457

DECISION AND JOURNAL ENTRY

Dated: October 24, 2011

CARR, Presiding Judge.

{¶1} Appellants, the Wayne County Board of Commissioners and United Healthcare Insurance Company ("the Insurer"), appeal the order of the Wayne County Court of Common Pleas that entered a declaratory judgment in favor of Appellees, Michael and Donna Daugherty. This Court affirms.

{¶2} The Wayne County Board of Commissioners offers health insurance coverage to its employees under a self-insured health plan, and claims under the plan are administered by United Healthcare. Mr. Daugherty is an employee covered under the plan, and as the spouse of an employee, Ms. Daugherty is also covered. Ms. Daugherty, who suffered hearing loss in one ear, sought preapproval for the surgical implantation of a "bone anchored hearing device" ("BAHA"). United Healthcare denied preapproval, but Ms. Daugherty underwent the procedure anyway. She submitted a claim for $11,585.00, representing the necessary and reasonable

expenses for the device and implantation, for payment. United Healthcare denied coverage for $7,700.00, and the Daughertys appealed the determination to the Board of Commissioners.

{¶3} When the Board of Commissioners affirmed United Healthcare's determination, the Daughertys filed an action seeking a declaratory judgment that, under the terms of the benefit plan, "the purchase costs and fitting charge for the implantation of an osseointegrated auditory prosthesis and *** device/components are covered charges[.]" The parties submitted cross-motions for summary judgment on stipulated facts, both relying on the terms of the "Summary Plan Description" as representative of the terms of the health insurance policy. The trial court concluded that the summary plan description is ambiguous with respect to whether the bone anchored hearing device falls within plan exclusions or within coverage for prosthetic devices and, construing the document liberally in favor of the Daughertys, concluded that the Daughertys are entitled to coverage for the device. The Insurer appealed.

### ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED IN GRANTING DECLARATORY JUDGMENT IN FAVOR OF THE APELLEES, BASED UPON THE CLEAR AND UNAMBIGUOUS LANGUAGE OF THE PLAN OF HEATH COVERAGE AT ISSUE, TO APPELLANTS' PREJUDICE."

### ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED IN GRANTING DECLARATORY JUDGMENT IN FAVOR OF THE APPELLEES, WITHOUT GIVING DEFERENCE TO THE ADMINISTRATIVE DETERMINATION OF THE APPELLANTS, AS REQUIRED UNDER THE HEALTHCARE PLAN AT ISSUE, TO APPELLANTS' PREJUDICE."

{¶4} The Insurer's first assignment of error is that the trial court erred by granting summary judgment to the Daughertys based on the incorrect conclusions that the BAHA device is a "prosthetic device" under the terms of the summary plan description and that the document is

ambiguous with respect to coverage. The Insurer has also argued that the trial court erred by failing to defer to the coverage decision made by the Board of Commissioners.

{¶5} This Court reviews an order that grants summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Civ.R. 56(C). In applying this standard, evidence is construed in favor of the nonmoving party, and summary judgment is appropriate if reasonable minds could only conclude that judgment should be entered in favor of the movant. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686-87. Before the trial court may consider whether the moving party is entitled to judgment as a matter of law, however, it must determine whether there are genuine issues of material fact for trial. *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, at ¶12.

{¶6} The facts in this case are not disputed. In their respective motions for summary judgment, both parties relied on the Summary Plan Description, which was incorporated into the parties' stipulations. The Daughertys argued that the BAHA device is a prosthetic device covered by the terms of the summary plan description. More specifically, they argued that the Board of Commissioners' determination that the BAHA device is not covered as a hearing aid is an incorrect interpretation of the summary plan description because it does not specifically exclude hearing aids and, because the BAHA device falls within the scope of covered prostheses, it cannot fall within the "catch-all" exclusion for "[h]ealth services and supplies that do not meet the definition of a Covered Health Service[.]" Conversely, the Insurer maintained that the BAHA device does not fall within the definition of a prosthetic in the summary plan description and is, in fact, a hearing aid. The Insurer argues that although not contained within a specific

exclusion to the policy, hearing aids are excluded by operation of the catch-all exclusion for all items that are not covered health services.

{¶7}   At issue in this case is whether the Choice Plus Plan (PPO) for Wayne County, administered by United Health Care, covers the implantation of the BAHA device.  As such, the terms of the policy itself are fundamental to the analysis of the Daughertys' claim.  In light of this, we note that the parties in this case incorporated the Summary Plan Description into their stipulations and relied upon it as representative of the terms of the health insurance plan. Although that document, by its terms, is "an overview of *** [b]enefits provided to inform the plan participants" while "the official Plan Document" sets forth the terms of the plan and controls in the event that there is a discrepancy with the Summary Plan Description, we review the parties' motions for summary judgment with respect to the stipulated evidence and, accordingly, look to the Summary Plan Description to determine whether summary judgment was properly granted.

{¶8}   Hearing aids are neither specifically covered expenses nor specifically excluded expenses under the terms of the Summary Plan Description.  If the BAHA device is a hearing aid, therefore, it is excluded under the Summary Plan Description as a "[h]ealth service *** that do[es] not meet the definition of a Covered Health Service[.]"  In this respect, the Summary Plan Description is clear, and we disagree with the trial court's determination that it is ambiguous. Nonetheless, we agree that the Daughertys are entitled to summary judgment because, if the BAHA does qualify as a "covered health service" under the terms of the Summary Plan Description and is not otherwise excluded, Ms. Daugherty is entitled to coverage.

{¶9}   Section 1.18 of the Summary Plan Description provides that prosthetic devices are covered services and further defines them as "[e]xternal prosthetic devices that replace a limb or

an external body part, limited to[] [a]rtificial arms, legs, feet and hands [and] [a]rtificial eyes, ears and noses." Section 2, which governs exclusions, does not contain any limitation on coverage for prostheses that fall within the definition in Section 1.18. According to the evidence submitted by the Daughertys in support of their motion for summary judgment, the BAHA device is an "Osseointegrated Auditory Prosthesis," which involves an external processor anchored to the skull bone behind the ear. The BAHA takes the place of the external ear and the ear canal and, according to the evidence the Daughertys submitted, is not a hearing aid. Inasmuch as the BAHA takes the place of the ear and ear canal, it is an external prosthetic device that replaces an ear, as set forth in Section 1.18 of the Summary Plan Description.

{¶10} The Insurer has also argued that the trial court erred in granting summary judgment to the Daughertys because terms of the Plan required deference to the decision made by the Board of Commissioners and is subject only to review for arbitrariness and capriciousness. The basis for this argument, however, is the standard of review applied to statutory actions involving discretionary decisions by a fiduciary in connection with plans subject to the Employee Retirement Income Security Act (ERISA). See, generally, *Glenn v. MetLife* (C.A.6, 2006), 461 F.3d 660, 666, applying *Firestone Tire and Rubber Co. v. Bruch* (1989), 489 U.S. 101, 113. The Insurer concedes, however, that Wayne County's health plan is a governmental plan not subject to ERISA and offers no basis for its position that "the same principles of deference should be applied" in a declaratory judgment action in which ERISA is not at issue.

{¶11} The trial court did not err in granting summary judgment to the Daughertys, and the Insurer's first and second assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

6

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

JAMES F. MATHEWS, Attorney at Law, for Appellants.

WILLIAM F. ANFANG III, Attorney at Law, for Appellees.