[Cite as *Commonwealth Land Title Ins. Co. v. Choice Title Agency, Inc.*, 2012-Ohio-2824.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| COMMONWEALTH LAND TITLE INS CO. | C.A. No. 11CA009981<br>11CA009983 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHOICE TITLE AGENCY, INC., et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | CASE No. 08CV159215 |

DECISION AND JOURNAL ENTRY

Dated: June 25, 2012

---

MOORE, Judge.

{¶1} Appellant, Commonwealth Land Title Insurance Company, appeals orders from the Lorain County Court of Common Pleas. This Court reverses.

I

{¶2} Sandra Maruna was the principal of Choice Title Agency which, in turn, served as title agent for Commonwealth Land Title Insurance Company with respect to certain real estate transactions. In 2008, a check tendered by Choice Title in connection with a real estate closing was dishonored for insufficient funds. Commonwealth, from whom the purchasers had obtained title insurance, paid $116,060.26 to the seller of the property when the check was dishonored. Commonwealth's subsequent investigation led to the discovery that Ms. Maruna had misappropriated funds from Choice Title as a result of questionable business deals with a man named Moclanail Rodgers.

{¶3}    Ms. Maruna was married to Carl Maruna at the time.  Mr. Maruna did not have direct involvement in Choice Title, although he did occasionally lend money to his wife for business expenses and, on one occasion, loaned her $50,000.  Not long after Ms. Maruna's financial improprieties came to light, Mr. Maruna initiated divorce proceedings against her.  The Marunas reached agreement on a property division, which the domestic relations court approved and incorporated into the divorce decree.  As a result of the property division, Ms. Maruna quitclaimed her interest in three properties to Mr. Maruna.

{¶4}    Commonwealth sued Choice Title Agency and Sandra Maruna to recover the money that it spent when Choice Title's check was dishonored.  Commonwealth alleged claims against Choice Title and Ms. Maruna for civil conspiracy and fraudulent conveyance, sought civil damages for theft, as permitted by R.C. 2307.60(A) and R.C. 2307.61(A), and asked the trial court to pierce the corporate veil to impose liability on Ms. Maruna individually.  Commonwealth also sued Mr. Maruna, alleging unjust enrichment and that he was the recipient of Ms. Maruna's fraudulent conveyance of the three properties that changed hands a result of the Marunas' divorce.  With respect to the fraudulent conveyance claim, Commonwealth sought avoidance of the subject transaction under R.C. 1336.07(A)(1).  Commonwealth also asserted claims against Moclanail Rodgers and Affordable Real Estate Solutions, alleging that both participated with Ms. Maruna and Choice Title in financial misconduct.

{¶5}    Commonwealth moved for summary judgment on its claims against Mr. Maruna, and Mr. Maruna filed a cross-motion for summary judgment.  The trial court denied Commonwealth's motion, but granted Mr. Maruna's.  Commonwealth also moved for summary judgment against Ms. Maruna and Choice Title on each of the claims alleged against them. They did not respond, and the trial court granted Commonwealth's motion for summary judgment on

May 27, 2010. Neither Mr. Rodgers nor Affordable Real Estate Solutions appeared in the action, and the trial court entered default judgment against them.

{¶6} On June 23, 2010, the trial court ordered Ms. Maruna and Choice Title to pay $32,125.82 in attorney's fees. Commonwealth appealed, but we dismissed that appeal, concluding that because the June 23, 2010, order did not address attorney's fees with respect to Mr. Rodgers or Affordable Real Estate Solutions, it was not final and appealable. *Commonwealth Land Title Ins. Co. v. Choice Title Agency, Inc.*, 9th Dist. No. 10CA009848, 2011-Ohio-396. On March 23, 2011, the trial court combined the substance of its May 27, 2010, orders into one order and awarded attorney's fees from Ms. Maruna, Choice Title, Mr. Rodgers, and Affordable Real Estate Solutions, jointly and severally. Commonwealth appealed that order and the May 27, 2010, orders in two separate appeals, which this Court consolidated.

II

{¶7} Commonwealth has raised eight assignments of error in support of its appeal. The first six challenge various aspects of the trial court's May 27, 2010, order with respect to its claims against Mr. Maruna. The final two assignments of error relate to the March 23, 2011, order with respect to its claims against Ms. Maruna and Choice Title. We have rearranged the assignments of error for purposes of discussion.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT COMMONWEALTH SUMMARY JUDGMENT AGAINST [MR. MARUNA] ON ITS CLAIM FOR FRAUDULENT TRANSFER UNDER R.C. §1336.04(A)(1). [MS. MARUNA] TRANSFERRED THE MARUNA PROPERTIES TO [MR. MARUNA] WITH THE ACTUAL INTENT TO HINDER, DELAY OR DEFRAUD COMMONWEALTH.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT COMMONWEALTH SUMMARY JUDGMENT AGAINST [MR. MARUNA] ON ITS CLAIM FOR FRAUDULENT TRANSFER UNDER R.C. §1336.04(A)(2). [MS. MARUNA] TRANSFERRED HER INTEREST IN THE MARUNA PROPERTIES WITHOUT RECEIVING A REASONABLY EQUIVALENT VALUE IN EXCHANGE FOR THE TRANSFER AND SHE KNEW, AT THAT TIME, THAT SHE WOULD INCUR DEBTS BEYOND HER ABILITY TO PAY AS THEY BECAME DUE.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT COMMONWEALTH SUMMARY JUDGMENT AGAINST [MR. MARUNA] ON ITS CLAIM FOR FRAUDULENT TRANSFER UNDER R.C. §1336.05. [MS. MARUNA] TRANSFERRED HER INTEREST IN THE MARUNA PROPERTIES WITHOUT RECEIVING A REASONABLY EQUIVALENT VALUE IN EXCHANGE FOR THE TRANSFER AND SHE BECAME INSOLVENT AS A RESULT OF THE TRANSFER.

{¶8} In Commonwealth's second, third, and fourth assignments of error it argued that Commonwealth, not Mr. Maruna, was entitled to summary judgment on its fraudulent conveyance claim. In other words, Commonwealth has argued that the trial court should have granted summary judgment to it or, in the alternative, not at all.

{¶9} Under Civ.R. 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10. This Court reviews an order granting summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). The substantive law underlying Commonwealth's claim for fraudulent conveyance provides the framework for reviewing the cross-motions for summary judgment, both with respect to whether there are genuine issues of material fact and whether either party was entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986); *Burkes v. Stidham*, 107 Ohio App.3d 363, 371 (8th Dist.1995). This case, therefore, requires us to examine the Ohio Uniform Fraudulent Transfer Act, codified in Chapter 1336 of the Ohio Revised Code.

{¶10} When a creditor's claim arises before the transfer of property, a fraudulent conveyance as to that creditor may exist in four situations: (1) if the debtor transferred property with actual intent to defraud the creditor, (2) if the debtor did not receive reasonably equivalent value for the transfer under the circumstances described in R.C. 1336.04(A)(2), even if acting without actual fraudulent intent, (3) if the debtor transferred property without receiving reasonably equivalent value and was insolvent or became insolvent as a result, and (4) if the debtor transferred the property to an insider under the circumstances described in R.C. 1336.05(B), even if reasonably equivalent value was given in exchange. *See generally* R.C. 1336.04; R.C. 1336.05.

{¶11} A creditor does not need to prove intent on the part of the transferee to establish a claim for fraudulent conveyance, but transferees may prove defenses to the claim and assert their rights as described in R.C. 1336.08. *See Ford v. Star Bank, N.A.*, 4th Dist. No. 97CA39, 1998 WL 553003, *4 (Aug. 27, 1998); R.C. 1336.04; R.C. 1336.05; R.C. 1336.08. *Compare* R.C. 1313.56 and R.C. 1313.57 (providing that the fraudulent intention of the transferee must be proven under a different statute that permits a conveyance to be voided as to all creditors upon suit by any). In other words, transferees are necessary parties to a claim for fraudulent conveyance not because their participation in the fraud must be proven, but because they hold an interest in the property that is the subject of the conveyance. R.C. 1336.07 and R.C. 1336.08, in turn, protect the rights of transferees by providing defenses and defining the remedies available to creditors.

{¶12} Commonwealth's motion for summary judgment argued that the transfer of property from Ms. Maruna to Mr. Maruna was fraudulent under R.C. 1336.04(A)(1) and (A)(2) and under R.C. 1336.05. Mr. Maruna responded and moved for summary judgment, arguing that there was no "transfer" in the first place because the properties changed hands as part of the Marunas' divorce. Mr. Maruna did not argue that he was entitled to any of the defenses set forth in R.C. 1336.08, nor did he support his response or motion for summary judgment with any evidence related to those defenses. Mr. Maruna also did not dispute Ms. Maruna's conduct underlying this case. Instead, he argued that he was entitled to summary judgment because, in his view, the change in ownership of real property as part of the Marunas' divorce settlement was not a "transfer."

{¶13} R.C. 1336.01(L), however, defines a "transfer" as "every direct or indirect, absolute or conditional, and voluntary or involuntary method of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." Although Commonwealth and Mr. Maruna characterize the proceedings in the Marunas' divorce case in different ways, the record on summary judgment is actually clear and the facts are not disputed. The Marunas settled their divorce case on mutually agreeable terms. The case was not tried, but the trial court did examine the parties on the record before accepting the terms of their settlement. The divorce decree incorporated the property division that the parties negotiated between themselves and to which they agreed. As a result of their agreement, Ms. Maruna executed quitclaim deeds to Mr. Maruna. This is a "transfer" as defined by R.C. 1336.01(L). Whether it is a fraudulent transfer and, if so, whether the appropriate remedy is that the transfer should be voided was the subject of Commonwealth's motion for summary judgment and its arguments on appeal.

{¶14} Since the conveyances at issue were "transfers," and since Mr. Maruna did not argue that any of the defenses available under R.C. 1336.08 applied to him, we agree that the trial court erred by granting summary judgment to Mr. Maruna. Therefore, we turn to Commonwealth's argument that summary judgment should have been granted in its favor. Commonwealth argued that the transfers by Ms. Maruna were fraudulent as to its interest under either R.C. 1336.04(A)(1), R.C. 1336.04(A)(2), or R.C. 1336.05(A). Because a fraudulent conveyance can be established in any of these ways, Commonwealth was entitled to summary judgment if it established that there was no genuine issue of fact and that it was entitled to judgment as a matter of law with respect to any of the statutes at issue. Commonwealth is entitled to summary judgment under R.C. 1336.04(A)(1), and so our discussion begins and ends there.

{¶15} Under R.C. 1336.04(A)(1), "[a] transfer made or an obligation incurred by a debtor is fraudulent as to a creditor * * * if the debtor made the transfer or incurred the obligation * * * [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor[.]" R.C. 1336.04(B). A transfer can be fraudulent as to the debtor under R.C. 1336.04(A)(1), yet not fraudulent as to the transferee if the transferee establishes the defense that he took the property "in good faith and for a reasonably equivalent value[.]" R.C. 1336.08(A). This defense, once proved, does not change the fraudulent nature of the transfer, but can impact the remedies available to the creditor. *See* R.C. 1336.08(A)-(C); R.C. 1336.07. In this way, the rights of a transferee who took the property in good faith and for reasonably equivalent value are protected even though the intention of the transferee is not relevant for purposes of establishing that a transaction was fraudulent in the first place. *See e.g.* R.C. 1336.08(B)/(C); R.C. 1336.07.

**{¶16}** Commonwealth was granted summary judgment against Ms. Maruna based, in part, on her admissions by default under Civ.R. 36. Specifically, those admissions established that Ms. Maruna transferred the properties at issue to Mr. Maruna with the "purpose of hindering, delaying or defrauding * * * Commonwealth." Ms. Maruna has not challenged the trial court's judgment against her, and by virtue of her admissions, Ms. Maruna's actual intention to hinder, delay, or defraud Commonwealth is "conclusively established * * * for the purpose of the pending action[.]" Civ.R. 36.

**{¶17}** Commonwealth also supported its motion for summary judgment against Mr. Maruna with these written admissions. *See generally* Civ.R. 56(C). Although Mr. Maruna could have responded with reference to Civ.R. 56(C) evidence, if any, that demonstrated a genuine issue of material fact with respect to Ms. Maruna's intention to defraud Commonwealth, he did not do so. He also did not argue the defense provided by R.C. 1336.08(A), nor did he support his cross-motion for summary judgment with evidence demonstrating that he took the properties in good faith and for reasonably equivalent value. With respect to Commonwealth's claim that Ms. Maruna fraudulently conveyed the property to Mr. Maruna, therefore, there is no genuine issue of material fact, and Commonwealth is entitled to judgment as a matter of law. Commonwealth's second assignment of error is, therefore, sustained. Its third and fourth assignments of error, which argue alternative grounds for summary judgment under R.C. 1336.04(A)(2) and R.C. 1336.05, need not be addressed. *See generally* App.R. 12(A)(1)(c).

## ASSIGNMENT OF ERROR I

IT WAS IMPROPER FOR THE TRIAL COURT TO GRANT SUMMARY JUDGMENT TO [MR. MARUNA] AFTER IT FOUND THAT THERE WERE GENUINE ISSUES OF MATERIAL FACT IN THIS CASE.

## ASSIGNMENT OF ERROR V

IF THE TRIAL COURT'S DECISION TO GRANT SUMMARY JUDGMENT TO [MR. MARUNA] WAS BASED, IN ANY WAY, ON ITS BELIEF THAT THE DIVORCE DECREE PREVENTED COMMONWEALTH FROM PURSUING A CLAIM FOR FRAUDULENT CONVEYANCE THEN THIS WAS AN ERROR AS A MATTER OF LAW.

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO COMMONWEALTH ON ITS FRAUDULENT CONVEYANCE CLAIM AGAINST [MS. MARUNA], THE TRANSFEROR, BUT DENIED COMMONWEALTH['S] SUMMARY JUDGMENT CLAIM AGAINST [MR. MARUNA], THE TRANSFEREE.

{¶18} In light of our disposition of Commonwealth's second assignment of error, its first, fifth, and six assignments of error are also moot. *See* App.R. 12(A)(1)(c).

## ASSIGNMENT OF ERROR VII

THE TRIAL COURT ERRED WHEN IT FAILED TO DECLARE THE TRANSFER OF THE MARUNA PROPERTIES VOID AND FAILED TO ALLOW COMMONWEALTH TO EXECUTE ON ITS JUDGMENT THROUGH A FORECLOSURE ON THE MARUNA PROPERTIES.

{¶19} Commonwealth's seventh assignment of error argues that, having entered summary judgment against Ms. Maruna on its fraudulent conveyance claim, the trial court erred by awarding only the remedy of a money judgment. In light of our conclusion that the trial court erred by entering summary judgment in favor of Mr. Maruna on the fraudulent conveyance claim against him and, conversely, by failing to enter summary judgment in Commonwealth's favor on that claim, we agree in part. R.C. 1336.07 and R.C. 1336.08 permit the trial court to fashion a remedy appropriate to the case, but do so with consideration for the liability of the debtor and the rights of the transferee. Consequently, Commonwealth's seventh assignment of error is sustained to the extent that the trial court must now consider what remedy is appropriate in light

of Commonwealth's judgment against Mr. Maruna and Ms. Maruna on the fraudulent conveyance claim. The seventh assignment of error is sustained.

## ASSIGNMENT OF ERROR VIII

THE TRIAL COURT ERRED WHEN IT FAILED TO AWARD COMMONWEALTH TREBLE DAMAGES PURSUANT TO R.C. §2307.61 AGAINST [MS. MARUNA] AND [CHOICE TITLE].

{¶20} Commonwealth's final assignment of error is that the trial court erred by failing to award treble damages despite granting summary judgment to Commonwealth under R.C. 2307.60(A) and R.C. 2307.61(A)(2).

{¶21} Under R.C. 2307.60(A)(1), any person who has been injured by a criminal act may bring a civil action to recover damages. When civil liability is based on the commission of a theft offense, the plaintiff "may elect to recover" liquidated damages in amounts specified by the statute or "three times the value of the property at the time it was * * * the subject of a theft offense[.]" R.C. 2307.61(A). Choice Title and Ms. Maruna have suggested that despite the language of R.C. 2307.61(A), a trial court may disregard a plaintiff's election and decline to award treble damages. Cases interpreting an earlier version of R.C. 2307.61(A) did reach that conclusion. *See e.g. Fulmer Supermarkets v. Whitfield*, 2d Dist. No. 10397, 1988 WL 2430, *1-2 (Jan. 5, 1988). That version of the statute, however, differed from the current version in significant ways. Specifically, it provided that a successful plaintiff "may recover" compensatory damages and, to the extent the property was valued under $5,000, "may recover exemplary damages[.]" In 1992, the statute was amended to essentially its present form, expanding the dollar value of cases in which exemplary damages are available and providing that the plaintiff "may elect to recover" in the ways described therein. Accordingly, earlier cases

interpreting the language of R.C. 2307.61(A) and later cases that adopt their holdings without reference to the changes in the statute are not persuasive.

{¶22} Instead, our decision is controlled by the language of the statute itself. R.C. 2307.61(A) provides that a successful plaintiff "may elect to recover" treble damages, subject only to notice requirements that R.C. 2307.61(A)(2) prescribes for claims under $5,000. Once a plaintiff has prevailed on a claim under R.C. 2307.60(A)(1) premised upon commission of a theft offense, the remedy is therefore determined by the plaintiff's election. R.C. 2307.61(A). *See also X-Technology, Inc. v. MJ Technologies*, 8th Dist. No. 80126, 2002-Ohio-2259, ¶ 27 ("[U]pon proof of the fact that [the plaintiff] has been damaged through a criminal act * * * he becomes entitled to the remedy chosen.").

{¶23} The trial court granted summary judgment to Commonwealth on its claims against Ms. Maruna and Choice Title, including its claim for civil liability arising from the theft offense of passing bad checks. Although not specified in the Amended Complaint, Commonwealth's motion for summary judgment also explained that it sought treble damages under R.C. 2307.61(A)(2). According to the terms of the statute, the trial court erred by failing to give effect to Commonwealth's election of damages under R.C. 2307.61(A)(1). Commonwealth's eighth assignment of error is sustained.

III

{¶24} Commonwealth's second assignment of error is sustained. The trial court's order granting summary judgment to Mr. Maruna is therefore reversed with respect to the fraudulent conveyance claim, and judgment is entered in favor of Commonwealth on that claim. Commonwealth's first, third, fourth, fifth, and sixth assignments of error are moot. The seventh and eighth assignments of error are sustained and, with respect to those assignments of error, the

trial court's judgment is reversed and remanded so that the trial court may consider the remedies that should be awarded to Commonwealth in light of this opinion and as described herein.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

CARLA MOORE
FOR THE COURT

WHITMORE, P.J.
DICKINSON, J.
CONCUR

APPEARANCES:

DONALD P. MCFADDEN and MONICA E. RUSSELL, Attorneys at Law, for Appellant.

KENNETH P. FRANKEL, Attorney at Law, for Appellees.

JAMES V. BARILLA, Attorney at Law, for Appellee.