[Cite as *Wells Fargo Delaware Trust Co., N.A. v. Esparza*, 2013-Ohio-2651.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WELLS FARGO DELAWARE TRUST CO., N.A. | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 13-CA-23 |
| ANTHONY ESPARZA, ET AL. | O P I N I O N |
| Defendants-Appellants | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Common Pleas Court, Case No. 2012 CV 00296 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 21, 2013 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendants-Appellants |
|---|---|
| MATTHEW J. RICHARDSON<br>Manley Deas Kochalski, LLC<br>P.O. Box 165028<br>Columbus, Ohio 43216-5028 | JOHN SHERROD<br>Mills, Mills, Fiely & Lucas, LLC<br>503 South Front Street, Ste 240<br>Columbus, Ohio 43215 |

*Hoffman, P.J.*

{¶1}　Defendants-appellants Anthony Esparza and Betsy Esparza appeal the February 14, 2013 Judgment Entry and Decree in Foreclosure entered by the Licking County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee Wells Fargo Delaware Trust Company, N.A. and ordered the subject property be foreclosed and sold.

<center>STATEMENT OF THE CASE</center>

{¶2}　On or about August 18, 2003, Appellants executed a promissory note ("the Note") in the original amount of $379,100.00.　Appellants secured the Note with a mortgage encumbering real property commonly known as 1763 Welsh Hills Road, Granville, Ohio 43023 ("the Property").　Appellants defaulted on the loan in April, 2009.

{¶3}　Wells Fargo acquired the Note as trustee for Vericrest Opportunity Loan Trust 2011-NPL1.　Wells Fargo initiated a foreclosure action against Appellants relative to the Property on March 2, 2012.　Attached to the complaint was a copy of the Note showing an indorsement to CitiMortgage.　The trial court granted Wells Fargo leave to amend its complaint on April 25, 2012. To the amended complaint, Wells Fargo attached a copy of the Note filed with the original complaint as well as two allonges. The first allonge shows an indorsement from CitiMortgage to U.S. Bank as the trustee for the LSF7 Bermuda NPL 1 Trust.　The second allonge shows an indorsement from U.S. Bank to blank.　Wells Fargo also attached copies of a complete and unbroken chain of mortgage assignments from the loan originator, IndyMac Bank, F.S.B. to Wells Fargo "together with the promissory note secured by such mortgage and all sums of

money due and to become due on such promissory note". The Note was assigned to Wells Fargo on September 13, 2011.

{¶4} Wells Fargo filed a motion for summary judgment on September 25, 2012. In support of its motion, Wells Fargo attached the affidavit of Neha Modi, a loan servicer. Modi authenticated copies of the Note, the Mortgage, the assignments of mortgage, and the notice of default sent to Appellants. The copy of the Note was accurate and contained all of the essential terms, however, Modi failed to attach and authenticate copies of the allonges.

{¶5} Appellants filed a memorandum in opposition, asserting a genuine issue of material fact existed as to whether Wells Fargo was in possession of the Note at the time of the filing of its complaint in foreclosure, March 2, 2012. Appellants further argued a genuine issue of material fact also existed as to whether Wells Fargo had standing to bring the lawsuit and enforce the Note.

{¶6} Wells Fargo filed a reply brief which included a supplemental affidavit from Jeannette Bochniak, a loan servicing agent. Bochniak averred Wells Fargo obtained possession of the Note on July 27, 2011. In addition to the two allonges filed with the amended complaint, two additional allonges were attached to the Bochniak affidavit, which showed indorsements from U.S. Bank to Wells Fargo, and Wells Fargo to blank.

{¶7} Via Judgment Entry and Decree in Foreclosure filed February 14, 2012, the trial court granted summary judgment in favor of Wells Fargo, and ordered the Property foreclosed and sold at a sheriff's sale.

{¶8} It is from this judgment entry Appellants appeal, raising as their sole assignment of error:

{¶9} "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."

{¶10} This case comes to us on the accelerated calendar. App. R. 11. 1, which governs accelerated calendar cases, provides, in pertinent part:

> (E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.

{¶11} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusionary decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

### STANDARD OF REVIEW

{¶12} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶13} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the

evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

**{¶14}** It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1987). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on

summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

I

**{¶15}** Appellants' sole assignment of error relates to the propriety of the trial court's granting of summary judgment in favor of Wells Fargo. Specifically, Appellants contend a material issue of fact exists concerning whether Wells Fargo was the holder of or entitled to enforce the Note as the affidavits submitted by Wells Fargo in support of summary judgment were in direct conflict and authenticated two different promissory notes. We disagree.

**{¶16}** In support of their position, Appellants rely on the Ohio Supreme Court's holding in *Byrd v. Smith*, 110 Ohio St.3d 24 (2006): "A movant's contradictory affidavit will prevent summary judgment in that party's favor." *Id.* at 31.

**{¶17}** We do not find the Modi and Bochniak affidavits are necessarily inconsistent. The Bochniak affidavit compliments the Modi affidavit, providing additional evidence of Wells Fargo's status as the mortgagee of record and the entity with physical possession of the Note prior to the filing of the original complaint on March 2, 2012. The Modi and Bochniak affidavits do not describe different promissory notes, but rather the Bochniak affidavit expands and clarifies the information contained in the Modi affidavit. The evidence in support of the affidavits reflect different versions of the same Note. The evidence clearly establishes Wells Fargo was in possession of the Note and Mortgage prior to the filing of the original complaint and establishes an unbroken chain of title.

**{¶18}** We find the trial court correctly concluded no genuine issue of material fact exists concerning the Bank's possession of the note. Therefore, the trial court did not err in granting summary judgment to the Bank.

**{¶19}** Appellants' assignment of error is overruled.

**{¶20}** For the forgoing reasons, the judgment of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur

<div style="margin-left:40%">

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

</div>

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


WELLS FARGO DELAWARE TRUST     :
CO., N.A.                      :
                               :
    Plaintiff-Appellee         :
                               :
-vs-                           :                    JUDGMENT ENTRY
                               :
ANTHONY ESPARZA, ET AL.        :
                               :
    Defendants-Appellants      :                    Case No. 13-CA-23


    For the reasons stated in our accompanying Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY