[Cite as *4 Kats Trading Co. v. United States Liab. Ins. Co.*, 2014-Ohio-5146.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101244**

**4 KATS TRADING CO.**

PLAINTIFF-APPELLANT

vs.

**UNITED STATES LIABILITY
INSURANCE CO.**

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-794385

**BEFORE:**    E.A. Gallagher, J., Rocco, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**    November 20, 2014

**ATTORNEY FOR APPELLANT**

Lawrence S. Benjamin
5635 A Emerald Ridge Parkway
Solon, Ohio 44139


**ATTORNEYS FOR APPELLEE**

Larry C. Greathouse
Richard C.O. Rezie
Gallagher Sharp
Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115

EILEEN A. GALLAGHER, J.:

{¶1} Appellant 4 Kats Trading Co., ("4 Kats") appeals from the decision of the trial court granting United States Liability Insurance Company's ("United") motion for summary judgment. Appellant argues that genuine issues of material fact remain to be litigated and that the court erred in granting United's motion. Finding no merit to the instant appeal, we affirm the decision of the trial court.

{¶2} On October 18, 2010, a theft occurred at the 4 Kats' facility located on Crayton Avenue in Cleveland, Ohio. Unidentified persons broke into an office window, entered the building and stole copper piping and electrical wiring. In stealing the copper, the thieves also removed and damaged that to which it was attached.

{¶3} At the time of the theft, 4 Kats was insured under a United commercial property policy issued to 4 Kats bearing Policy No. CF 155****, effective from November 16, 2009 through November 16, 2010. Prior to the theft, United provided a copy of the policy directly to 4 Kats and the 4 Kats insurance agent provided a second copy of the policy to its client as well. Included in the commercial policy is a two-year limitation provision that provides as follows:

{¶4} No one may bring a legal action against us under this coverage part unless:

1. There has been full compliance with all of the terms of this coverage part; and

2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

{¶5} The 4 Kats' representative and vice president testified that he had been warned in 2009 by 4 Kats' insurance agent about the two-year limitation period on making claims and bringing a lawsuit. Nonetheless, 4 Kats filed the instant lawsuit on October 26, 2012, alleging that United breached its insurance contract after it failed to pay for the damages that occurred to

4 Kats' property on October 18, 2010.

{¶6} Relying on the two-year exclusionary period, United filed a motion for summary judgment. In response, 4 Kats opposed the motion and attached two affidavits, one from his insurance agent Maria Starrett and a second from its vice president, Kenneth Kafcsak. In the Starrett affidavit, the agent states that "the policy of insurance of which she has maintained a copy has no provision for a statute of limitations, i.e., limiting the time in which to bring an action to two (2) years." In Kafcsak's affidavit, he argued that there was a lack of clarity during his deposition. Kafcsak further stated that it was unclear as to which policy United's counsel was referring when questioned about the two- year limitation period.

{¶7} The trial court found in favor of United, citing the two-year limitation within which 4 Kats had to bring a claim under the commercial policy. The court noted that 4 Kats did not bring its claim within this time period and, as such, there remained no issues of fact to be tried. 4 Kats appeals, raising the following assigned error:

> The court below committed reversible error in granting Defendant-Appellee's Motion for Summary Judgment where the evidence was to be construed most strongly in favor of Plaintiff-Appellant left questions of material fact, or, in the alternative, left no questions of material fact, but that the contentions of Defendants-Appellees were not proven.

{¶8} Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995). The burden of showing that no genuine issue of material fact exists falls upon the party who files for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996). Once

the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47.

{¶9} Contained in the policy in the instant case, under "Commercial Property Conditions" section D specifies that no policyholder may bring a legal action against the defendant unless the "action is brought within 2 years after the date on which the direct physical loss or damage occurred." Deposition testimony from 4 Kats' vice president as well as their amended complaint acknowledges that the loss occurred on October 18, 2010. 4 Kats filed its complaint on October 26, 2012. Thus, 4 Kats failed to bring this action within two years of the date on which the direct physical loss or damage occurred.

{¶10} Appellant 4 Kats cites to the affidavits attached to their opposition to United's motion for summary judgment as evidence of a genuine issue of material fact regarding the vice president's knowledge of the two-year statute of limitations. We find the affidavits to be non-probative and a red herring to this case. The simple fact remains that 4 Kats' commercial policy contained a two-year statute of limitations. The policy attached to 4 Kats' complaint in the common pleas court includes this limitation. Thus, regardless of whether 4 Kat's vice president or insurance agent knew of the existence of the statute of limitations period, the fact remains that it was present, at all times, in 4 Kat's insurance policy. One need only review the policy to find its existence.

{¶11} As such, we agree with the trial court and find no genuine issue of material fact remains to be litigated. 4 Kats' sole assignment of error is overruled.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
MELODY J. STEWART, J., CONCUR